Bobbie BROUSSARD, Appellant,

v.

Lawrence DAVILA et al., Appellees.

No. 13829.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 8, 1961.

Rehearing Denied Dec. 6, 1961.

Keys, Russell, Keys & Watson, M. W. Meredith, Jr., Corpus Christi, for appellant.

Wade & Howard, Corpus Christi, for appellees.

POPE, Justice.

Bobbie Broussard, defendant below, has appealed by writ of error from a default

judgment. Plaintiffs undertook to serve her by substitute service under Rule 106, Texas Rules of Civil Procedure. In our opinion, the judgment must be reversed, because (1) plaintiffs did not comply with the terms and conditions of the court's order which authorized substitute service, and (2) the sheriff's return is fatally defective.

Plaintiffs, Lawrence Davila, Lupe Davila, and Southern Insurance Company, had difficulty in locating defendant, Bobbie Broussard. Failing to serve her with citation, they resorted to that part of Rule 106 which states that, in cases "where it is impractical to secure personal service, as above directed, the court, upon motion, may authorize service * * * in any other manner which will be reasonably effective to give the defendant notice of the suit." Plaintiffs made a motion, and the court's judgment recites that it heard evidence in support of the motion for substitute service. The court then granted the order. The order provided that service could be made upon Harold Easley, manager of Boyd and Easley, Inc., an independent adjusting concern, who had been in touch with Bobbie Broussard, and who had been asked to investigate the claim by defendant's insurer. However, the court's order carefully stated the manner in which the service on Easley should be made. It required plaintiffs to serve citation on Easley and to deliver to him (1) the plaintiffs' petition, (2) a copy of the motion for substitute service, and (3) the order authorizing the substitute service. Good reasons exist for such an order, for otherwise a person not named as a party in the petition may ignore the service because the pleadings show that he is not a party. The other documents were necessary to explain the procedure.

■ Rule 106, T.R.C.P., empowers a judge to authorize service by methods other than personal service. The judge is the one who prescribes the manner of such service. Except upon the terms and conditions stated by the judge in his order, there is no authority for substitute service. If the manner prescribed is not followed, then service is accomplished in a manner not authorized by the judge, but by someone else. When the judge states the terms and conditions, they must be followed. 42 Am.Jur., Process, § 121. The order must be strictly followed. 72 C.J.S. Process § 43. The court order was not followed and there was no substitute service. The fact that Easley knew why he was given notice does not excuse compliance with the court's order.

■ The sheriff's return is also faulty. The petition names Bobbie Broussard as the sole defendant. The sheriff's return shows that service was made by delivering to the within-named defendant, in person, a true copy of the citation. The person served is then shown to be Harold Easley. The return affirmatively shows that a copy of plaintiffs' petition, but nothing else, was delivered to Harold Easley. The sheriff's return recites that ordinary service was made upon a named defendant. The same return on its face shows that service was not made on the defendant, Bobbie Broussard, but upon a non-defendant, and not in the manner required by the court. Hyltin-Manor Funeral Home, Inc. v. Hill, Tex. Civ.App., 304 S.W.2d 469; Delgado v. Delgado, Tex.Civ.App., 253 S.W.2d 708.

The judgment is reversed and the cause remanded.