Sandra BECKER, formerly Sandra Russell, Petitioner,

v.

Bobby RUSSELL, Respondent.

No. 3–88–115–CV.

Court of Appeals of Texas, Austin.

Feb. 22, 1989.

Rehearing Denied March 15, 1989.

David H. Reynolds, Austin, for petitioner.

Margaret D. Kennedy, Friedman, Weddington, Hansen & Fisher, Austin, for respondent.

Before SHANNON, C.J., and CARROLL and ABOUSSIE, JJ.

CARROLL, Justice.

Father's post-divorce motion to modify in a suit affecting the parent-child relationship was granted by the district court when the mother failed to appear. She seeks to set aside the judgment by writ of error. We will set aside the district court's judgment and remand the cause for further proceedings.

## BACKGROUND

The parties were divorced in 1982 and the mother was given custody of their minor children. In 1987 the father filed a motion to modify but was unable to have the mother served with citation. He successfully sought substitute service under Tex.R.Civ.P.Ann. 106(b) (Supp.1988).

The district court's order authorizing substitute service upon the mother was specific and to the point. It provided that only a particular deputy constable was to serve the citation upon the mother and that he could serve the citation in either one of two ways: by leaving a copy of the citation and a copy of the petition with anyone over 16 years of age found at the mother's residence or by affixing "the citation with the copy of the petition *and order of substituted service* to the front door of the usual place of abode of Respondent." (emphasis added.)

The officer's return recites delivery to the mother "by affixing to the door ... pursuant to an order for substituted service under Rule 106 ... a true copy of this citation along with the accompanying copy of the petition...." The return makes no other mention of the order authorizing substitute service, and does not specifically indicate that a copy of the order authoriz-

ing such service was left with the other documents.

In any event, the mother failed to appear and the district court granted all the relief requested in the father's motion to modify.

## CONTENTIONS ON APPEAL

Here the record shows delivery of a copy of the citation and a copy of the petition, but does not show delivery of a copy of the order of substituted service as required by the district court. According to the mother, the omission is fatal and the judgment cannot stand. The father, on the other hand, argues that the language "pursuant to an order for substituted service under Rule 106" in the officer's return necessarily means that the officer in fact complied with the court's order. Under his argument, we must presume that the officer left a copy of the order authorizing substitute service along with the other documents.

## DISCUSSION

 Texas courts have long required strict compliance with appropriate statutory provisions for service of process to support a default judgment. Virtually any deviation will be sufficient to set aside a default judgment on appeal by writ of error. *See, e.g., McKanna v. Edgar,* 388 S.W.2d 927 (Tex.1965); *see also* 4 McDonald, Texas Civil Practice § 17.23, at 134 (rev. ed. 1984). We believe strict compliance is especially important when substituted service under Rule 106 is involved. We agree with Justice Jack Pope that "except upon the terms and conditions stated by the judge in his order, there is *no authority for substitute service.*" *Broussard v. Davila,* 352 S.W.2d 753, 754 (Tex.Civ.App. 1961, no writ) (emphasis added).

This cause does not involve an alternate method of service of citation spelled out in a particular statute providing for regularly recurring situations.[1] Rather, we are

1. *See, e.g.,* Tex.Civ.Prac. & Rem.Code Ann. (1988): § 17.003—suits against a nonresident or transient property owner; § 17.044—service upon the Secretary of State in suits against

certain nonresident corporations; or § 17.062—service upon the Chairman of the State Highway and Public Transportation Com-

faced with a specific order from a trial judge in response to a motion supported by an affidavit and based upon the unique facts of the case at hand. Such an order is presumably tailored by the judge to be "reasonably effective to give the defendant notice of the suit" as required by Rule 106(b)(2). We believe that any deviation from the express terms of the trial judge's order authorizing the substituted service of citation mandates the reversal of a default judgment based upon such service.

The face of the record before us fails to establish that the deputy constable complied with the express terms of the district court's order authorizing substitute service of citation upon petitioner. The second point of error is sustained. Since we sustain this point we will not address the remaining points.

CONCLUSION

We set aside the judgment of the district court and remand the cause to that court for further proceedings.

mission in suits against nonresident motor ve-

