Kirk DOLLY, Appellant,

v.

**AETHOS COMMUNICATIONS SYSTEMS, INC., Appellee.**

No. 05–99–00257–CV.

Court of Appeals of Texas, Dallas.

Jan. 6, 2000.

William R. Catlett, Kenneth K. Stephens, Law Offices of Kenneth K. Stephens, Dallas, for Appellant.

T. Ray Guy, Christopher Marshall Fairman, Weil, Gotshal & Manges, L.L.P., Dallas, Ross W. Stoddard, III, Irving, for Appellee.

Before Justices MORRIS, WRIGHT, and MOSELEY.

## OPINION

Opinion By Justice MOSELEY.

Appellee, Aethos Communications Systems, Inc. ("Aethos"), sued appellant, Kirk Dolly ("Dolly"). The trial court ordered substituted service of citation pursuant to Texas Rule of Civil Procedure 106. Aet-

hos allegedly served Dolly pursuant to the court's order. Dolly did not answer the suit, and Aethos took a default judgment against Dolly. In this restricted appeal, Dolly asserts, *inter alia*, that the return of service of citation is fatally defective. We agree and reverse the trial court's judgment and remand this cause to the trial court for further proceedings.

### BACKGROUND

On May 8, 1998, Aethos sued Dolly alleging breach of a covenant not to compete. At the time suit was filed, Dolly was a resident of Michigan. Aethos initially requested issuance of citation at Dolly's Michigan address. The citation was issued by the district clerk on May 21, 1998 to Dolly at the Michigan address. After numerous failed attempts to serve Dolly, Aethos filed a motion for substituted service pursuant to Texas Rule of Civil Procedure 106. The trial court granted the motion on July 31, 1998. The order for substituted service provides:

IT IS FURTHER ORDERED that service on Defendant Kirk Dolly be made by Gerald Borycz, an authorized process server or any Constable, by leaving a true and correct copy of the citation, the petition, and this Order with anyone over 16 years of age at 16220 Lamplighter Court, No. 1228, Southfield, Michigan 48075, which is the Defendant's usual place of residence; or, alternatively, that service on Defendant Kirk Dolly may be made by attaching a true and correct copy of the citation, the petition, and this Order to the door at the above address, which is the Defendant's usual place of residence.

IT IS FURTHER ORDERED that the return of service by the authorized process server be endorsed and attached to the citation, and shall state when and how the citation was served, and shall be signed and sworn to by the person effectuating service.

The citation and return of service were filed with the court on August 31, 1998. The citation return provides as follows:

## RETURN

Came to hand on ___6th___ day of ____July____, 19_98_, at _9:00_ o'clock ___A. M. Executed at __16220 Lamplighter CT., NO. 1228 , Southfield, MI 48075__, within the County of _Wayne___ at _9:20_ o'clock __P_. M. on the ___10th___ day of __August___, 19_98_, by delivering to the within named _KIRK DOLLY_____ each, in person a true copy of this Citation in Cause No. ___DV-98-03689___, together with the accompanying copy of this pleading, having first endorsed on same date of delivery.

TOTAL FEES
For Serving Citation __$ 65.00__

_____/s/ Gerald Borycz_____
of _____WAYNE_____ County
By ____GERALD BORYCZ_____
Deputy/Authorized Person

On this day personally appeared __GERALD BORYCZ____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated under oath that they executed the Citation in the above numbered cause pursuant to the Texas Rules of Civil Procedure.

_____/s/ Lee Borycz_____
Notary Public _LEE BORYCZ_ County _WAYNE__

(Must be verified if served outside the State of Texas.)

*POSTED TO FRONT DOOR*

LEE BORYCZ
NOTARY PUBLIC - WAYNE COUNTY, MI
MY COMMISSION EXPIRES 12/24/00

[FILE STAMP]

Dolly argues that the return is fatally defective for various reasons. First, Dolly urges that the return fails to show Borycz served Dolly with a copy of the Order of Substituted Service, as required by the trial court's order. Dolly also argues that the portion of the return which was actually filled out, signed, and verified by Borycz does not show the method of service as required by the trial court's order. Dolly further states that the words " *POSTED TO THE FRONT DOOR* " typed at the bottom of the return of service do not appear to have been signed or verified by anyone. Finally, Dolly argues that the verification itself does not verify the facts stated in the return, but merely verifies that the citation was served pursuant to the Texas Rules of Civil Procedure.

Aethos counters, arguing that Dolly's arguments contain hypertechnical distinctions and that the return does in fact satisfy the requirements in the trial court's order. Aethos contends that because the court's order provided that the return of service "shall state when and how the *citation* was served," it did not require detail as to when and how the petition and order were served.

### DISCUSSION

■ To obtain a reversal of an underlying judgment in a restricted appeal, a party must satisfy four elements: (1) a notice of restricted appeal must be filed within six months after the judgment is signed; (2) by a party to the lawsuit; (3) who did not participate in the hearing that resulted

in the judgment of which the party complains and did not file a timely post-judgment motion; and (4) error must be apparent on the face of the record. *See* TEX. R.APP. P. 26.1(c), 30; *Barker CATV Constr., Inc. v. Ampro, Inc.,* 989 S.W.2d 789, 791 (Tex.App.-Houston [1st Dist.] 1999, no pet.). In this restricted appeal, elements one through three are not contested; the argument centers around the fourth element-whether error is apparent on the face of the record.

In a direct attack on a default judgment, there are no presumptions in favor of valid issuance, service, and return of citation. *See Primate Constr. Inc. v. Silver,* 884 S.W.2d 151, 152 (Tex.1994). In a restricted appeal, defective service of process constitutes error apparent on the face of the record. *See id.* at 153. For a default judgment to be sustained based on substituted service, the burden is on the plaintiff to prove that the defendant was served in the manner required by the applicable statute. *See Onyx TV v. TV Strategy Group, LLC,* 990 S.W.2d 427, 429 (Tex.App.–Texarkana 1999, no pet.); *Bank of Am., N.T.S.A. v. Love,* 770 S.W.2d 890, 891 (Tex.App.-San Antonio 1989, writ denied).

Texas Rule of Civil Procedure 106 authorizes a court to order a substitute method of service. TEX.R. CIV. P. 106(b). Rule 107 states that "[w]here citation is executed by an alternative method as authorized by Rule 106, proof of service shall be made in the manner ordered by the court." TEX.R. CIV. P. 107. When an out-of-state party is served, the return of citation must be verified. *See* TEX.R. CIV. P. 108.

Service of process must be performed in strict compliance with appropriate statutory provisions to support a default judgment. *See McKanna v. Edgar,* 388 S.W.2d 927, 929 (Tex.1965); *Armstrong v. Minshew,* 768 S.W.2d 883, 884 (Tex.App.-Dallas 1989, no writ). Virtually any deviation will be sufficient to set aside a default judgment in a restricted appeal.

*See Becker v. Russell,* 765 S.W.2d 899, 901 (Tex.App.-Austin 1989, no writ). Strict compliance is particularly important when substituted service under rule 106 is involved. *See id.* at 900. When a trial court orders substituted service pursuant to rule 106, the only authority for the substituted service is the order itself. *See id.; Broussard v. Davila,* 352 S.W.2d 753, 754 (Tex. Civ.App.-San Antonio 1961, no writ). Therefore, the requirements set forth in the order must be strictly followed. *See Broussard,* 352 S.W.2d at 754. Any deviation from the trial court's order authorizing substituted service necessitates a reversal of the default judgment based on service. *See Becker,* 765 S.W.2d at 901.

The return of service is considered prima facie evidence of the facts asserted therein. *See Primate,* 884 S.W.2d at 152. "The recitations in the return of service carry so much weight that they cannot be rebutted by the uncorroborated proof of the moving party. The weight given to the return is no less when the recitations impeach the judgment than when they support it." *Id.* (citations omitted). Therefore, by reviewing the Order of Substituted Service and the return of service, we must determine whether the requirements in the order were strictly followed.

## ANALYSIS

In reviewing the Order of Substituted Service and the return of service, we note numerous discrepancies. First, the order allows service by leaving a copy of the citation, petition, and order with someone sixteen years of age or older, or by posting a copy of the citation, petition, and order on Dolly's door. However, the return of service states that Dolly was served with a copy of the citation by delivery "in person," while a type-written note at the bottom states " *POSTED TO FRONT DOOR*." The return is inherently inconsistent and, therefore, does not affirmatively demonstrate that service was executed as prescribed by the order. Al-

though the citation and petition are mentioned, the return is also devoid of any statement demonstrating that Dolly was served with a copy of the order as prescribed by the order. Without such explicit recitations, it is impossible to determine whether the citation was in fact served pursuant to the rules of civil procedure and the trial court's order. *See Becker,* 765 S.W.2d at 900–01; *Broussard,* 352 S.W.2d at 754. The statement in the verification to that effect is a mere legal conclusion that, by itself, does not substantiate proper service. *See, e.g., Jacksboro Nat'l Bank v. Signal Oil & Gas Co.,* 482 S.W.2d 339, 340–41 (Tex.Civ.App.-Tyler 1972, no writ); *Watson Van & Storage Co. v. Busse,* 451 S.W.2d 557, 558 (Tex.Civ. App.-Houston [1st Dist.] 1970, no writ).

Aethos argues that the typed language " \*POSTED TO FRONT DOOR\* " shows that service was effectuated in accordance with the requirements of the trial court's order. Aethos also urges that the location of the language " \*POSTED TO FRONT DOOR\* " below the signed verification is of no consequence. We disagree. First, the words " \*POSTED TO FRONT DOOR\* " do not state anything of legal significance, such as *what* was posted to the front door. Second, the language was typed in below the verification. The verification states that "[o]n this day personally appeared *GERALD BORYCZ* known to me to be the person whose name is subscribed on the *foregoing instrument* and who stated under oath that they executed the Citation in the above numbered cause pursuant to the Texas Rules of Civil Procedure." By its express language, this verification concerns the information in the *foregoing* instrument. Language appearing below the verification is not in the *foregoing* instrument and, thus, is not verified.

We further note that the verification itself is defective. A verification on a return of service must verify the *facts* relating to the act of service. *See Seib v. Bekker,* 964 S.W.2d 25, 28 (Tex.App.-Tyler

1997, no writ). A blanket statement, as in the instant case, that the citation was executed pursuant to the rules of civil procedure does not verify the specific facts relating to the act of service. As previously stated, the statement is a mere legal conclusion and does not verify compliance with the requirements set forth in the trial court's order.

### CONCLUSION

Because of the numerous defects in the return of service, the record does not affirmatively demonstrate that Dolly was served in compliance with the trial court's order. Absent a record showing strict compliance with the requirements for service of process, the default judgment will not stand. Due to our conclusion concerning service, we need not address Dolly's remaining arguments. We reverse the default judgment and remand this cause to the trial court for further proceedings.