Opinion issued October 9, 2008













Opinion issued
October 9, 2008

 

 

 



 

 








 

    


 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-07-00526-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



RANDALL EARL BERKEFELT, Appellant

 

V.

 

DIANA LYNNE JACKSON, Appellee

 

 



On Appeal from the 300th District Court

Brazoria
 County, Texas

Trial Court Cause No. 96-2174

 








 



MEMORANDUM OPINION

          Appellant, Randall Earl Berkefelt, appeals a default
judgment rendered against him in a suit to modify the parent-child
relationship.  Berkefelt contends that
the default judgment should be reversed because (1) he was not properly served,
(2) the order for alternative service was defective, and (3) he was not
notified by the clerk of the court that any default judgment was ordered.  Finding error on the face of the record, we
reverse and remand.

Background

          On October 20, 2006, Appellee Diana Jackson, Berkefelt’s
ex-wife and the mother of his children, filed a petition to modify the
parent-child relationship.  On December
14, the trial court signed an order on a motion, authorizing Jackson to serve Berkefelt at his home by
leaving the citation and petition with someone over the age of sixteen.  The process server filed a return of service
on December 15, stating that the petition had been attached to Berkefelt’s back
door.  On March 26, 2007, the trial court
granted Jackson’s petition to modify the
parent-child relationship and ordered Berkefelt to pay $2702 in attorney’s fees
to Jackson.  Berkefelt did not appear at the trial, and
thus the judgment was a default judgment.

According to Berkefelt,
he did not receive notice of the trial nor did he receive notice that a default
judgment had been rendered against him. 
He asserts that he became aware of the judgment only upon visiting the
Attorney-General’s office to verify the amount of child support that he owed.

Analysis

A default judgment cannot
withstand a direct attack by a defendant who shows that he was not served in
strict compliance with the Texas Rules of Civil Procedure.  Hubicki v. Festina, 226 S.W.3d 405, 408 (Tex.
2007); Wilson v. Dunn,
800 S.W.2d 833, 836 (Tex.
1990); McGraw-Hill, Inc. v. Futrell,
823 S.W.2d 414, 416 (Tex. App.—Houston [1st Dist.] 1992, writ denied).  In contrast to the usual rule that all
presumptions will be made in support of a judgment, there are no presumptions
of valid issuance, service, and return of citation when examining a default
judgment.  Uvalde Country Club v. Martin Linen Supply Co., 690 S.W.2d 884, 885
(Tex. 1985); McGraw-Hill, 823 S.W.2d at 416.  Jurisdiction over the defendant must
affirmatively appear by a showing of due service of citation, independent of
the recitals in the default judgment. Faggett v. Hargrove, 921 S.W.2d 274, 276 (Tex. App.—Houston [1st
Dist.] 1995, no writ); Mass.
Newton Buying Corp. v. Huber, 788 S.W.2d 100, 102 (Tex. App.—Houston [14th Dist.]
1990, no writ).

Texas Rule of Civil
Procedure 106 authorizes a court to order a substitute method of service. Tex. R. Civ. P. 106(b).  “Where citation is executed by an alternative
method as authorized by Rule 106, proof of service shall be made in the manner
ordered by the court.”  Tex. R. Civ. P. 107.  When a trial court orders substituted service
under Rule 106, the only authority for the substituted service is the order
itself.  Dolly v. Aethos Commc’ns Sys., Inc., 10 S.W.3d 384, 388 (Tex.
App.—Dallas 2000, no pet.); Broussard v.
Davila, 352 S.W.2d 753, 754 (Tex. Civ. App.—San Antonio 1961, no
writ).  Because the trial court’s order
is the sole basis of authority authorizing substituted service, any deviation
from the trial court’s order necessitates a reversal of the default judgment
based on service. Becker v. Russell,
765 S.W.2d 899, 900 (Tex. App.—Austin 1989, no writ).

Here, Jackson served Berkefelt using substitute
service under Rule 106. Jackson
was required to follow the trial court’s instructions exactly when serving
Berkefelt.  Id.  The trial court required that service be
effected by “leaving a copy of the citation with pleadings and orders attached
. . . with anyone over sixteen years of age at that address.”  The return of service showed that the process
server attached the citation and petition to Berkefelt’s back door.  Because the return of service is prima facie
evidence of how service was performed, it proves that the order was not left
with someone over the age of sixteen as instructed by the trial court.  See
Primate Constr., Inc. v. Silver, 884 S.W.2d 151, 152 (Tex. 1994) (holding
that return of service is considered prima facie evidence of facts recited
therein); Furst
v. Smith, 176 S.W.3d 864, 872 (Tex. App.—Houston [1st Dist.]
2005, no pet.).  

The trial court’s order
amounted to the only legal authorization for Jackson’s actions.  When Jackson
failed to strictly follow the order, she violated Rule 106 of the Texas Rules
of Civil Procedure.  See Vespa v. Nat’l Health Ins. Co., 98 S.W.3d 749, 752 (Tex. App.—Fort Worth
2003, no pet.) (holding that service was invalid when return of service stated
citation and petition were left on door contrary to trial court’s instructions
requiring citation, petition and
court order to be placed on door). 
Violation of Rule 106 makes the service of process invalid and of no
effect.  See Wilson,
800 S.W.2d at 836.  Defective service of
process removes the trial court’s jurisdiction over the defendant.  See id.
(holding that jurisdiction is dependent upon citation issued and served in a
manner provided for by law).  Because
service was defective in this case, the trial court lacked jurisdiction to
grant the default judgment.

Conclusion

          We hold that service was defective and therefore the trial
court lacked jurisdiction to grant a default judgment.  We thus reverse the default judgment and
remand the case to the trial court for further proceedings.

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of
Justices Jennings, Hanks, and Bland.