**Reversed and Remanded and Opinion Filed May 12, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-01003-CV

## IN THE INTEREST OF R.E.C. AND C.A.C.

On Appeal from the 401st Judicial District Court
Collin County, Texas
Trial Court Cause No. 401-51560-00

## MEMORANDUM OPINION
Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Francis

Susan Elizabeth Cannon filed this restricted appeal challenging the trial court's default judgment in favor of Douglas Brian Cannon. In five issues, Susan claims there is error apparent on the face of the record. We agree and reverse the trial court's default judgment.

In December 2013, Douglas filed a petition for enforcement of property division, claiming Susan had failed to comply with the December 17, 2004 Amendment to Agreement Incident to Divorce. Specifically, he alleged she had not provided the 2011 and 2012 annual accountings of the educational trust for the benefit of their children, R.E.C. and C.A.C., and that she "demonstrated a clear, present, and unconditional intention not to provide" the annual accounting for 2013.

When the certified process server was unable to serve Susan after ten attempts, Douglas filed a motion for alternative service. After the hearing, the trial court granted the motion and the verified return of service was filed January 14, 2014. On February 6, 2014, the trial court

signed its Enforcement Order, granting Douglas the relief sought and ordering Susan to pay $4,865.61 in attorney's fees, expenses, and costs. On July 25, 2014, Susan filed this restricted appeal.

In her first two issues, Susan contends she is entitled to review of the default judgment because she meets the requirements of appellate rules 26.1(c) and 30 and the default judgment must be reversed because service of process was defective.

To obtain a reversal of an underlying judgment in a restricted appeal, a party must show: (1) a notice of restricted appeal was filed within six months after the judgment is signed; (2) by a party to the lawsuit; (3) who did not participate in the hearing that resulted in the judgment of which the party complains and did not file a timely post−judgment motion; and (4) error is apparent on the face of the record. TEX. R. APP. P. 26.1(c), 30; *Dolly v. Aethos Commc'ns Sys., Inc.*, 10 S.W.3d 384, 387−88 (Tex. App.—Dallas 2000, no pet.). In this restricted appeal, elements one through three are not contested; thus, the only issue is whether error is apparent on the face of the record.

In a direct attack on a default judgment, there are no presumptions in favor of valid issuance, service, and return of citation and, in a restricted appeal, defective service of process constitutes error apparent on the face of the record. *See Primate Constr. Inc. v. Silver*, 884 S.W.2d 151, 152−53 (Tex. 1994). For a default judgment to be sustained based on substituted service, the burden is on the plaintiff to prove that the defendant was served in the manner required by the applicable statute. *Dolly*, 10 S.W.3d at 388. Service of process must be performed in strict compliance with the appropriate statutory provisions to support a default judgment. *See McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex. 1965); *Dolly*, 10 S.W.3d at 388. "Virtually any deviation will be sufficient to set aside a default judgment in a restricted appeal." *Dolly*, 10 S.W.3d at 388. Strict compliance is especially important when substituted service

under Texas Rule of Civil Procedure 106 is involved. *Id.* When a trial court orders substituted service under rule 106, the only authority for the substituted service is the order itself, and the requirements outlined in the order must be strictly followed. *Id.* We review the order on motion for alternative service and the return of service to determine whether the requirements in the order were strictly followed. *See id.*

Here, the order on motion for alternative service provided that service be "effected . . . by both mailing a true copy of the citation with a copy of the petition attached to [Susan's known address], and by posting a true copy of the citation with a copy of the petition attached on the front door of [Susan's known address]." The return of service states that citation was delivered:

> to the within named Respondent/Defendant, to-wit: Susan E. Cannon . . . each, in person, a true copy of this instrument with a true and correct copy of the document attached hereto having first endorsed on such copy of said instrument the date of delivery.

> &ast; &ast; &ast;

> [x] Information received as to the whereabouts of defendant being 3800 Amesbury Drive Plano TX 75093 by Posting on the front door per Order on Motion for Alternative Service Rule 106 and by mailing a true and correct copy.

As was the case in *Dolly*, the return in this case is inherently inconsistent because it states Susan was served by delivery "in person" while a subsequent section states she was served by posting on the front door and by mailing. Furthermore, under the section detailing the alternative service per the trial court's order, the return states "a true and correct copy" was posted and mailed This statement, however, does not reflect whether the "true and correct copy" was the amended petition or the order or some other document. Thus, it is impossible to determine whether Susan was properly served under the rules of civil procedure and the trial court's order.

Because the record does not affirmatively show Susan was served in compliance with the trial court's order on motion for alternative service, there is error on the face of the record, and

the default judgment must be reversed.  We sustain Susan's first two issues; we need not address her remaining three issues.  *See* TEX. R. APP. P. 47.1.

W reverse the trial court's default judgment and remand this case for further proceedings. No new service of process is necessary.  *See* TEX. R. CIV. P. 123.

141003F.P05

/Molly Francis/
MOLLY FRANCIS
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF R.E.C. AND
C.A.C.

No. 05-14-01003-CV

On Appeal from the 401st Judicial District
Court, Collin County, Texas
Trial Court Cause No. 401-51560-00.
Opinion delivered by Justice Francis,
Justices Lang-Miers and Whitehill
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant Susan Elizabeth Cannon recover her costs of this appeal from appellee Douglas Brian Cannon.

Judgment entered May 12, 2015.