

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00527-CV

Adam B. **CANTU** d/b/a C2 Plumbing,
Appellant

v.

Jamey F. **AGUERO** d/b/a JA Contractors,
Appellee

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2016-CI-09252
Honorable Michael E. Mery, Judge Presiding

Opinion by: Marialyn Barnard, Justice

Sitting: Karen Angelini, Justice
Marialyn Barnard, Justice
Rebeca C. Martinez, Justice

Delivered and Filed: July 18, 2018

AFFIRMED

This is a restricted appeal from a default judgment granted in favor of Jamey F. Aguero

d/b/a JA Contractors. The sole issue presented on appeal is whether error is apparent on the face

of the record because the return of service does not include the expiration date of the process

server's certification. We affirm the trial court's judgment.

### BACKGROUND

In the underlying lawsuit, Aguero sued Adam B. Cantu d/b/a C2 Plumbing for breach of

contract. After unsuccessfully attempting to serve Cantu, Aguero filed a motion for substituted

service pursuant to Rule 106(b) of the Texas Rules of Civil Procedure. An affidavit signed by Benjamin McDaniel was attached to the motion. The affidavit stated McDaniel was a qualified process server, provided his identification number, and set forth his attempts at personal service.

The trial court signed an order granting the motion which provided as follows:

> THEREFORE, IT IS ORDERED that service on the Defendant in this cause, be by Benjamin McDaniel, disinterested adult, by leaving a copy of the citation with petition attached to the front door of 9607 Wildwood Ridge, San Antonio, Texas 78250, which is the Defendant's usual place of abode.
>
> IT IS FURTHER ORDERED that the return of the person named above be endorsed on or attached to the petition, state when and how the citation was served, and be signed by Benjamin McDaniel.

A return of service was filed on June 21, 2016. The return was signed by McDaniel and stated he executed the citation by attaching the citation to the front door of 9607 Wildwood Ridge, San Antonio, Texas on June 18, 2016 at 10:25 a.m.

On June 12, 2017, Aguero filed a motion to substitute counsel which was granted, and the trial court signed a default judgment on July 6, 2017.

## DISCUSSION

To prevail on restricted appeal, Cantu must show that: (1) he filed his notice of restricted appeal within six months after the trial court signed the order; (2) he was a party to the underlying suit; (3) he did not participate in the hearing that resulted in the complained-of order and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *see also* TEX. R. APP. P. 30. The record clearly establishes Cantu met the first three requirements; therefore, we focus our attention on the fourth requirement, i.e., whether error is apparent on the face of the record.

Cantu contends error is apparent on the face of the record because the return of service does not include the expiration date of the process server's certification. As support for this contention, Cantu relies on Rule 107(b)(10) of the Texas Rules of Civil Procedure which requires a return of service completed by a process server certified under order of the Supreme Court to include the process server's identification number and the expiration date of his certification. TEX. R. CIV. P. 107(b)(10).

In this case, the trial court granted Aguero's request for substituted service pursuant to Rule 106(b). *See* TEX. R. CIV. P. 106(b). "Where citation is executed by an alternative method as authorized by Rule 106, proof of service shall be made in the manner ordered by the court." TEX. R. CIV. P. 107(f). "When a trial court orders substituted service under rule 106, the only authority for the substituted service is the order itself." *Vespa v. Nat'l Health Ins. Co.*, 98 S.W.3d 749, 752 (Tex. App.—Fort Worth 2003, no pet.); *see also Dolly v. Aethos Commc'ns Sys., Inc.*, 10 S.W.3d 384, 388 (Tex. App.—Dallas 2000, no pet.). "Therefore, the requirements set forth in the order must be strictly followed." *Dolly*, 10 S.W.3d at 388. The trial court may grant a default judgment when proof of service "as ordered by the court" is on file for ten days. TEX. R. CIV. P. 107(h).

The trial court's order in this case only required the return of service to be "endorsed on or attached to the petition, state when and how the citation was served, and be signed by Benjamin McDaniel." The trial court's order did not require the return to include the expiration date of McDaniel's certification. Because the return of service "as ordered by the court" was not required to include the expiration date of McDaniel's certification, Cantu has failed to show error apparent on the face of the record.

## CONCLUSION

The trial court's judgment is affirmed.

Marialyn Barnard, Justice