**REVERSED and REMANDED and Opinion Filed April 30, 2021**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00346-CV**

**U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8 MASTER
PARTICIPATION TRUST, Appellant
V.
AJ AND SAL ENTERPRISES, LLC, Appellee**

**On Appeal from the 160th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-19-07788**

### MEMORANDUM OPINION
Before Justices Schenck, Reichek, and Carlyle
Opinion by Justice Schenck

In this restricted appeal, U.S. Bank Trust, N.A., as Trustee for LSF8 Master

Participation Trust ("USB"), challenges the trial court's no-answer default judgment

in favor of AJ and SAL Enterprises, LLC ("A&S"). In five issues, USB asserts it

has shown error on the face of the record and the default judgment should be reversed

because A&S failed in several respects to strictly comply with the requirements for

valid and effective service of citation and because of irregularities in the judgment.

We decide in favor of USB on its first issue asserting error is apparent on the face of

the record because the entity identified on the citation and the return conflict with

the name identified in the pleadings and the final judgment. Consequently, we pretermit consideration of USB's remaining issues. TEX. R. APP. P. 47.1. We reverse the trial court's judgment and remand this case for further proceedings. Because all issues are settled in law, we issue this memorandum opinion. *Id.* 47.4.

## BACKGROUND

On May 30, 2019, A&S initiated this lawsuit seeking to quiet title to certain real property located in Sachse, Texas and to void USB's deed of trust. In the style of A&S's Original Petition, the sole defendant was identified as "U.S. Bank Trust, N.A. as Trustee for LFS8 Master Participation Trust." In the body of the Original Petition, A&S asserted:

> Defendant is sued in its capacity as a foreign fiduciary. The real party in interest is the LSF8 Master Participation Trust, of which Defendant is the trustee.
> …
> Under the former Probate Code §105a, now codified as Estates Code §505.003, Defendant has irrevocably appointed the Texas Secretary of State as its agent for service of process. Defendant has designated the following individual to whom process should be transmitted:
>
> Elizabeth Becker
> 350 N. Robert St[.] Suite 495
> St. Paul, MN 55101 55101 [sic]

The Dallas County District Clerk issued a Citation on June 4, which identified "U.S. Bank Trust, N.A.," rather than "U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust," as the defendant and was addressed to:

> U.S. BANK TRUST, NA
> BY SERVING THE SECRETARY OF STATE

OFFICE OF THE SECRETARY OF STATE
CITATIONS UNIT – P.O. BOX 12079
AUSTIN, TEXAS 78711

On July 23, a return of service was filed in the district court indicating a copy of the Citation and Original Petition had been received by the Secretary of State on June 13 and forwarded on June 17 to:

U.S. Bank Trust, NA
c/o Elizabeth Becker
350 No. Robert St.
Suite 495
St. Paul, MN 55101

On August 1, A&S filed it First Amended Original Petition. Like the Original Petition, the amended petition identified the defendant as "U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust." Further, the amended petition contained a paragraph identical to the one quoted above from the Original Petition except for the deletion of the duplicate reference to zip code 55101.

A&S filed a Motion for Entry of Default Judgment on August 6. The motion was styled in the same manner as the original and amended petitions. The trial court signed a Final Judgment in favor of A&S on September 12. In the style of that judgment, the defendant is identified as "U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust." Further, the judgment states in part:

> **IT IS THEREFORE ORDERED, ADJUDICATED AND DECREED** that Plaintiff AJ and SAL LLC have judgment against U.S. BANK TRUST, N.A., as TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST.

USB filed its restricted appeal on March 11, 2020.

**DISCUSSION**

## I.      Standard of Review

A restricted appeal is a direct attack on the trial court's judgment.  *See, e.g.*, *Gen. Elec. Co. v. Falcon Ridge Apts., J.V.*, 811 S.W.2d 942, 943 (Tex. 1991); *Rone Eng'g Serv., Ltd. v. Culberson*, 317 S.W.3d 506, 508 (Tex. App.—Dallas 2010, no pet.).  To prevail on a restricted appeal, the appellant must show: (1) a notice of restricted appeal was filed within six months after the judgment is signed; (2) by a party to the lawsuit; (3) who did not participate in the hearing that resulted in the judgment of which the party complains and did not file a timely post-judgment motion; and (4) error is apparent on the face of the record.  TEX. R. APP. P. 26.1(c) and 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Dolly v. Aethos Commc'ns Sys., Inc.*, 10 S.W.3d 384, 387–88 (Tex. App.—Dallas 2000, no pet.).  The first three requirements are not contested here; thus, the only issue is whether error is apparent on the face of the record.

## II.     Applicable Law

In no case shall a judgment be rendered against any defendant unless upon service, or acceptance or waiver of process, or upon an appearance by the defendant. TEX. R. CIV. P. 124.  In contrast to the usual rule that all presumptions—including valid issuance, service, and return of citation—will be made in support of a judgment, no such presumptions apply to a direct attack on a default judgment.  *See*

–4–

*Primate Constr. Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). Rather, the record must affirmatively show strict compliance with the applicable rules relating to service of process. *See McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex. 1965); *Dolly*, 10 S.W.3d at 388.

Whether error is apparent on the face of the record before this Court, depends on resolution of the issue of proper service. *See Hubicki v. Festina*, 226 S.W.3d 405, 407 (Tex. 2007). If proper service is not affirmatively shown, there is error on the face of the record. *Lytle v. Cunningham*, 261 S.W.3d 837, 840 (Tex. App.—Dallas 2008, no pet.). Even actual notice to a defendant is insufficient to convey jurisdiction on the trial court and will not cure defective service. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). Whether service was in strict compliance with the rules is a question of law we review de novo. *Furst v. Smith*, 176 S.W.3d 864, 868 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

A citation must show the names of the parties and be directed to the defendant. TEX. R. CIV. P. 99(b). Rule of Civil Procedure 107 provides, in part, that "[t]he officer or authorized person executing the citation must complete a return of service." *Id.* 107(a). The return of service, together with any document to which it is attached, must include, among other things, "the person or entity served." *Id.* 107(b)(5).

### III. Application of Law to Facts

In its first issue, USB asserts error is apparent on the face of the record because the entity identified on the citation and return does not strictly match the entity identified as the defendant in the pleadings or the final judgment.

Here the citation is addressed to "U.S. Bank Trust, N.A.," which is not the defendant named in the original and amended petitions. In *Deutsche Bank National Trust Co. v. Kingman Holdings, LLC*, this Court considered a restricted appeal in which appellant, "Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2006-H11," claimed error to be apparent on the face of the record because the defendant's name in the default judgment did not match the name in the original petition or citation. No. 05-13-00943-CV, 2014 WL 3211887, at *5 (Tex. App.—Dallas July 8, 2014, no pet.) (mem. op.). The defendant was identified in the original petition as "Deutsche Bank National Trust Company, *as Trustee*." The body of the original petition sued "Deutsche Bank National Trust Company" in its capacity as "trustee for GSAMP Trust 2006-H11, Pooling and Servicing Agreement Dated as of January 1, 2006." Meanwhile, the citation was merely addressed to "Deutsche Bank National Trust Company." The trial court entered default judgment against "Deutsche Bank National Trust Company as Trustee for GSAMP Trust 2005-H11, Pooling and Serving [sic] Agreement dated as of January 1, 2006." On appeal, this Court reversed the trial court's default judgment because the name of the defendant identified in the default judgment was different from the name of the defendant

–6–

identified on the return of service, and the error was apparent on the face of the record. *Id.* at \*5.

The record before us shows the citation was addressed to "U.S. Bank Trust, N.A." However, the defendant in the action and the party against whom the default judgment was taken is "U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust." There is no evidence in the record that service was had upon "U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust." Because the entity served, "U.S. Bank Trust, N.A.," is not the same entity named in the petition and in the judgment, "U.S. Bank Trust, N.A., as Trustee for Master Participation Trust," A&S did not strictly comply with the procedural rules governing service and return of citation. The attempted service of process is invalid and of no effect, and error is apparent on the face of the record.

We sustain USB's first issue. Having resolved USB's first issue in its favor, we pretermit consideration of its remaining issues. TEX. R. APP. P. 47.1.

## CONCLUSION

We reverse the trial court's default judgment and remand this case to the trial court for further proceedings. *See* TEX. R. APP. P. 43.2(d); *see also* TEX. R. CIV. P. 123 (no new service of process necessary where judgment is reversed because of defective service of process).

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

200346F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST, Appellant

No. 05-20-00346-CV     V.

AJ AND SAL ENTERPRISES, LLC, Appellee

On Appeal from the 160th Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-19-07788. Opinion delivered by Justice Schenck. Justices Reichek and Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST recover its costs of this appeal from appellee AJ AND SAL ENTERPRISES, LLC.

Judgment entered this 30th day of April 2021.