**Reverse and Remand and Opinion Filed February 24, 2022**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-01091-CV

**MESA SW MANAGEMENT, LP, MESA SW ARLINGTON, LP, MESA SW RESTAURANTS-GRANITE, LP, MESA SW RESTAURANTS-DALLAS, INC., MESA SW AUSTIN, LLC, MESA SW LINCOLN PARK, LP, MESA SW ARLINGTON MANAGEMENT, LLC, MMP, INC., HMP, INC., MESA SW RESTAURANTS-FORT WORTH, INC., TNT QUADRANGLE PARTNERS, LP, TNT QUAD, LLC, JAMES D. BARON, AND ELIZABETH S. BARON, Appellants**
**V.**
**BBVA USA, AN ALABAMA BANKING CORPORATION, F/K/A/ COMPASS BANK, Appellee**

### On Appeal from the 68th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-20-03437

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Nowell

Appellee BBVA USA, an Alabama Banking Corporation, f/k/a Compass Bank sued appellants Mesa SW Management, LP; Mesa SW Arlington, LP, Mesa SW Restaurants-Granite, LP; Mesa SW Restaurants-Dallas, Inc.; Mesa SW Austin, LLC; Mesa SW Lincoln Park, LP; Mesa SW Arlington Management, LLC; MMP, Inc.; HMP, Inc.; Mesa SW Restaurants-Fort Worth, Inc.; TNT Quadrangle Partners,

LP; TNT Quad, LLC; James D. Baron; and Elizabeth S. Baron. Appellants failed to file an answer or otherwise appear, and appellee obtained a Final Default Judgment. Appellants timely filed a Notice of Restricted Appeal. On appeal, appellants argue that appellee failed to strictly comply with multiple requirements of the Texas Rules of Civil Procedure governing service of process and error is apparent on the face of the record. We agree. We reverse the trial court's Final Default Judgment and remand this cause to the trial court for further proceedings.

A party that does not participate in person or through counsel in a hearing that results in a judgment may be eligible for a restricted appeal. *See* TEX. R. APP. P. 30 (restricted appeal in civil cases); *see also Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam). To prevail on a restricted appeal, the appellant must establish four elements: (1) it filed the appeal within six months after judgment was signed; (2) it was a party to the lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of, and it did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See Grant*, 447 S.W.3d at 886; *see also* TEX. R. APP. P. 26.1(c), 30. In this appeal, elements one through three are established in the record; the parties dispute only the fourth element—whether error is apparent on the face of the record.

No-answer default judgments are disfavored, and a trial court lacks jurisdiction over a defendant who was not properly served with process. *Spanton v.*

*Bellah*, 612 S.W.3d 314, 316 (Tex. 2020) (per curiam). "In a restricted appeal, defective service of process constitutes error apparent on the face of the record." *Pro-Fire & Sprinkler, L.L.C. v. Law Co., Inc.*, No. 05-19-01480-CV, 2021 WL 5563924, at *3 (Tex. App.—Dallas Nov. 29, 2021, no pet. h.) (quoting *Dolly v. Aethos Commc'ns Sys., Inc.*, 10 S.W.3d 384, 388 (Tex. App.—Dallas 2000, no pet.))

A no-answer default judgment cannot stand when the defendant was not served in strict compliance with the rules of civil procedures. *See id.* at *3 (citing *Spanton*, 612 S.W.3d at 316); *see also Hubicki v. Festina*, 226 S.W.3d 405, 408 (Tex. 2007) (per curiam) ("[E]ven if a defendant has received actual notice of a pending lawsuit, a default judgment rendered upon defective service will not stand."). Consequently, we indulge no presumptions, even reasonable ones, in favor of valid issuance, service, or return of citation. *See Spanton*, 612 S.W.3d at 316; *see also Pro-Fire & Sprinkler*, 2021 WL 5563924, at *3. "Service of process that does not strictly comply with the rules' requirements is 'invalid and of no effect.'" *Spanton*, 612 S.W.3d at 317 (quoting *Uvalde Country Club v. Martin Linen Supply Co., Inc.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam)). Strict compliance with the rules governing service of process must affirmatively appear on the face of record for a default judgment to withstand direct attack. *Pro-Fire & Sprinkler*, 2021 WL 5563924, at *4 (citing *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam)).

The party requesting service, not the process server, has the responsibility to see that service is properly accomplished. *Id.* (citing *Primate Constr.*, 884 S.W.2d at 153); *see also* TEX. R. CIV. P. 99(a). This responsibility extends to seeing that service is properly reflected in the record. *Id.* (citing *Primate Constr.*, 884 S.W.2d at 153). Whether service was in strict compliance with the rules is a question of law that we review de novo. *Id.*

In this case, separate citations were issued for each appellant and returns of service for each of the citations were filed with the clerk of court. Each return contains three pages: the first page is the first page of the citation; the second page is the "Officer's Return," which is blank; and the third page is the Affidavit of Service. The relevant language in each affidavit is substantially similar. Below is an image of a portion of one of the affidavits served on one appellant:

Each affidavit includes the language "Received by Austin Process LLC" and "I, *Roger Bigony*, . . . executed service by delivering a true copy of the Citation. . ." Each affidavit is signed by Roger Bigony.

Texas Rule of Civil Procedure 105 states: "The officer or authorized person to whom process is delivered shall endorse thereon the day and hour on which he received it, and shall execute and return the same without delay." TEX. R. CIV. P.

105. By its plain language, Rule 105 requires the same person to whom process is delivered to then execute and return the process without delay. *See id.* Rule 105 does not contemplate two persons performing these functions. However, in this case, each affidavit states that Austin Process LLC[1] received the process, but Roger Bigony executed the same. Appellee concedes that a corporate entity cannot serve a citation in its corporate capacity. However, it asserts that the process was delivered to Austin Process LLC and Austin Process LLC "worked through" Bigony to execute the citation. Thus, according to appellee, "[a] simple and correct reading of the Returns is that the citations were received by Austin Process and served by Roger Bigony, with both entities being 'authorized person(s).'"

Even if we assume for purposes of this appeal that an entity can be an "authorized person" as that term is used in Rule 105, we conclude the same entity would then be required to execute the process, which appellee concedes it could not. Appellee used an entity to receive the process and a natural person to serve the process; rule 105 does not allow this. Rule 105 requires one person perform both actions. Because the process was delivered to an entity but a natural person executed and returned the same, we conclude appellee failed to strictly comply with rule 105.

Failure to affirmatively show strict compliance with rule 105 renders attempted service invalid and of no effect. *See Spanton*, 612 S.W.3d at 317. Because

---

[1] Appellants also argue error is apparent on the face of the record because an entity such as Austin Process LLC is not an "authorized person" as that term is used in the rules of civil procedure and could not receive the process. We need not reach that issue. *See* TEX. R. APP. P. 47.1.

service was defective in this case, the trial court lacked jurisdiction to grant the default judgment. *See id.* at 316–17.

Appellants also request we assess costs of this appeal against appellee. In light of the errors on the face of the record, we conclude appellants, as the prevailing parties, are entitled to recover their costs of appeal. *See* TEX. R. APP. P. 43.4; *see also Campbell v. Bank of Am.*, No. 05-17-01364-CV, 2018 WL 3654522, at *3 (Tex. App.—Dallas Aug. 2, 2018, no pet.) (mem. op.) (awarding appeal costs to appellant as the prevailing party challenging a no-answer default judgment).

We reverse the trial court's Final Default Judgment and remand this case to the trial court for further proceedings.[2]

201091f.p05

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE

---

[2] Appellants argue the affidavits do not comply with Texas Rules of Civil Procedure 16, 105, 106, and 107 for numerous reasons. However, because we conclude the affidavits do not comply with rule 105 for the reason that the process was delivered to an entity but a natural person executed and returned the same, we need not address appellants' other arguments. *See* TEX. R. APP. P. 47.1.



# Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

MESA SW MANAGEMENT, LP;
MESA SW ARLINGTON, LP,
MESA SW RESTAURANTS-
GRANITE, LP; MESA SW
RESTAURANTS-DALLAS, INC.;
MESA SW AUSTIN, LLC; MESA
SW LINCOLN PARK, LP; MESA
SW ARLINGTON
MANAGEMENT, LLC; MMP,
INC.; HMP, INC.; MESA SW
RESTAURANTS-FORT WORTH,
INC.; TNT QUADRANGLE
PARTNERS, LP; TNT QUAD, LLC;
JAMES D. BARON; AND
ELIZABETH S. BARON, Appellants

No. 05-20-01091-CV          V.

BBVA USA, AND ALABAMA
BANKING CORPORATION F/K/A/
COMPASS BANK, Appellee

On Appeal from the 68th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-03437.
Opinion delivered by Justice Nowell.
Justices Myers and Osborne
participating.

In accordance with this Court's opinion of this date, the trial court's Final
Default Judgment is **REVERSED** and this cause is **REMANDED** to the trial court
for further proceedings.

It is **ORDERED** that appellants Mesa SW Management, LP; Mesa SW
Arlington, LP, Mesa SW Restaurants-Granite, LP; Mesa SW Restaurants-Dallas,
Inc.; Mesa SW Austin, LLC; Mesa SW Lincoln Park, LP; Mesa SW Arlington
Management, LLC; MMP, Inc.; HMP, Inc.; Mesa SW Restaurants-Fort Worth,

Inc.; TNT Quadrangle Partners, LP; TNT Quad, LLC; James D. Baron; and Elizabeth S. Baron recover their costs of this appeal from appellee BBVA USA, an Alabama Banking Corporation f/k/a Compass Bank.

Judgment entered this 24th day of February, 2022.