

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00167-CV

Adrian **TREVINO**,
Appellant

v.

Rebecca **TRAVIS**,
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2021-CI-11604
Honorable Nicole Garza, Judge Presiding

Opinion by:   Irene Rios, Justice

Sitting:   Rebeca C. Martinez, Chief Justice
Irene Rios, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: June 21, 2023

VACATED AND REMANDED

Appellant Adrian Trevino brings this restricted appeal arguing that appellee Rebecca Travis failed to properly serve him, resulting in an erroneous no-answer default judgment in favor of Travis. Because we conclude the face of the record establishes defective service, we vacate the default judgment and remand the case to the trial court. *See* TEX. R. CIV. PROC. 106.

## BACKGROUND

Travis filed suit in June 2021 against Trevino alleging he engaged in deceptive trade practices, fraud, and negligent misrepresentation while serving as Travis's broker in securing a

loan for the purchase of her new home. While an order in the record grants Travis's motion for substituted service, the clerk's record contains no such motion or required sworn statement supporting the motion. Following the trial court's September 17, 2021 order granting substituted service by email, Travis filed a motion for default judgment claiming she served Trevino with citation by substituted service on October 2, 2021, but he failed to appear or file a timely answer. Moreover, Travis alleged in her motion that "[t]he citations with proof of service of [Trevino] have been on file with the clerk of the court ten days[.]" The appellate record contains no citations with proof of service.

On November 8, 2021, the trial court rendered a no-answer default judgment against Trevino. However, the default judgment reflects Trevino was "served with citation by personal service." Further, the default judgment claims that "[c]itation has been returned and no answer has been filed for either defendant in this cause."[1] The trial court awarded Travis approximately $240,000 in damages and attorney's fees. Trevino timely filed his notice of restricted appeal.

### TRAVIS'S MOTION TO DISMISS APPEAL

On October 24, 2022, Travis filed a motion to dismiss Trevino's restricted appeal in this court contending her October 5, 2022 notice of nonsuit without prejudice filed in the trial court mooted Trevino's appeal. Nonetheless, Travis did not request, and the clerk's record does not reflect, the no-answer default judgment against Trevino was vacated or set aside. Instead, the clerk's record indicates the trial court granted a default judgment against Trevino. While Travis is accurate that a plaintiff generally can dismiss a case or take a nonsuit "[a]t any time before the plaintiff has introduced all of [her] evidence other than rebuttal evidence," this rule assumes there has not been a final disposition of all parties and claims. *See* TEX. R. CIV. P. 162; *see also Hyundai*

---

[1] Travis's petition only names one defendant, Trevino.

*Motor Co. v. Alvarado*, 892 S.W.2d 853, 854 (Tex. 1995). Here, the default judgment against Trevino stated the judgment "finally disposes of all parties and all claims and is appealable." A default judgment that disposes of all parties and all claims is final. *In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 830 (Tex. 2005) (orig. proceeding). Therefore, without an order from the trial court vacating or setting aside the default judgment against Trevino, Travis's notice of nonsuit does not moot Trevino's restricted appeal. We deny Travis's motion to dismiss the appeal.

### STANDARD OF REVIEW AND APPLICABLE LAW FOR RESTRICTED APPEALS

Rule 30 of the Texas Rules of Appellate Procedure governs restricted appeals. *See* TEX. R. APP. P. 30. To prevail in a restricted appeal, an appellant must establish (1) he filed notice of the restricted appeal within six months after the judgment was signed, (2) he was a party to the underlying lawsuit, (3) he did not participate in the hearing resulting in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *Rodriguez v. Gonzalez*, No. 04-21-00104-CV, 2022 WL 2230937, at *1 (Tex. App.—San Antonio June 22, 2022, pet. denied) (mem. op.); *see also Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014). Only the fourth element is at issue here—whether error is apparent on the face of the record.

No-answer default judgments are disfavored, and a trial court lacks jurisdiction over a defendant who was not properly served with process. *Spanton v. Bellah*, 612 S.W.3d 314, 316 (Tex. 2020); *see also In re Marriage of Beall*, No. 04-22-00070-CV, 2023 WL 3487035, at *2 (Tex. App.—San Antonio May 17, 2023, no pet. h.) (mem. op.); *Pro-Fire & Sprinkler, L.L.C. v. Law Co., Inc.*, 661 S.W.3d 156, 162 (Tex. App.—Dallas 2021, no pet.). It is well established that "a no-answer default judgment cannot stand when the defendant 'was not served in strict compliance with applicable requirements.'" *Spanton*, 612 S.W.3d at 316 (quoting *Wilson v. Dunn*,

800 S.W.2d 833, 836 (Tex. 1990)). We indulge no presumptions, even reasonable ones, in favor of valid issuance, service, or return of citation. *See Spanton*, 612 S.W.3d at 316–17; *see also Beall*, 2023 WL 3487035, at *2; *Pro-Fire & Sprinkler*, 661 S.W.3d at 162. "Service of process that does not strictly comply with the rules' requirements is 'invalid and of no effect.'" *Spanton*, 612 S.W.3d at 317 (quoting *Uvalde Country Club v. Martin Linen Supply Co., Inc.*, 690 S.W.2d 884, 885 (Tex. 1985)). "[D]efective service of process constitutes error apparent on the face of the record." *Beall*, 2023 WL 3487035, at *2; *see also Ex parte E.H.*, 602 S.W.3d 486, 497 (Tex. 2020). In a restricted appeal, the face of the record consists of all the papers on file before the trial court when it signed the judgment, including all papers filed with the clerk. *See Sherrand v. Signad, Ltd.*, 637 S.W.3d 192, 196 (Tex. App.—Houston [14th Dist.] 2021, no pet.).

Texas Rule of Civil Procedure 106(a) provides the methods of serving a citation. *See* TEX. R. CIV. P. 106(a). Unless the citation or court order directs otherwise, a citation must be served by delivering a copy of the citation and petition to the defendant in person or by registered or certified mail, return receipt requested. *Id*. On a motion supported by a sworn statement, a trial court may authorize a substitute method of service if the methods attempted under subsection (a) have been unsuccessful. *See* TEX. R. CIV. P. 106(b). Following the 2020 amendments to Rule 106(b), a plaintiff may now seek substituted service electronically by email. *See id*.

"'When a trial court orders substituted service pursuant to rule 106, the only authority for the substituted service is the order itself.'" *Beall*, 2023 WL 3487035, at *2 (quoting *Spanton*, 612 S.W.3d at 317). If the manner prescribed is not followed, then service is accomplished in a manner not authorized by the judge. *Spanton*, 612 S.W.3d at 318. "Therefore, the requirements set forth in the order must be strictly followed." *Beall*, 2023 WL 3487035, at *2 (quoting *Dolly v. Aethos Commc'ns Sys., Inc.*, 10 S.W.3d 384, 388 (Tex. App.—Dallas 2000, no pet).

Strict compliance with the rules governing service of process must affirmatively appear on the record for a default judgment to withstand direct attack. *Pro-Fire & Sprinkler*, 661 S.W.3d at 163. The party requesting service bears the responsibility to ensure that service is properly accomplished and properly reflected in the record. *Id*. Whether service was in strict compliance with the rules is a question of law that we review de novo. *Id*. (citing *Daigrepont v. Preuss*, No. 05-18-01271-CV, 2019 WL 2150916, at *3 (Tex. App.—Dallas May 17, 2019, no pet.) (mem. op.)).

**ANALYSIS**

The record on appeal does not include Travis's motion requesting substituted service on Trevino or the sworn statement supporting the motion required by Rule 106(b). *See* TEX. R. CIV. P. 106(b). Moreover, Travis's motion for default judgment refers to the citation with proof of substituted service filed in the clerk's record, but this document is absent from the record as well. Last, the trial court's no-answer default judgment states Trevino was served by *personal* service—contradicting the method of service stated in the motion for default judgment—and, it also refers to more than one defendant. Travis bore the responsibility to ensure service on Trevino was properly accomplished and that such service was properly reflected in the record. *See Pro-Fire & Sprinkler*, 661 S.W.3d at 163.

Error is apparent on the face of the record because the record lacks any proof that Travis served Trevino pursuant to Rule 106. *See* TEX. R. CIV. P. 106; *Spanton*, 612 S.W.3d at 316. Because a trial court errs in granting a default judgment against a defendant who has not been served in strict compliance with the law, the trial court erred in granting the default judgment. *See*

*Spanton*, 612 S.W.3d at 316–17. We sustain Trevino's issue contending Travis failed to comply with Rule 106.[2]

**CONCLUSION**

We deny Travis's motion to dismiss the appeal, and we vacate the trial court's no-answer default judgment against Trevino and remand the case to the trial court. *See Spanton*, 612 S.W.3d at 318 (holding service was defective, vacating trial court's default judgment, and remanding case to trial court).

Irene Rios, Justice

---

[2] We need not address Trevino's second issue as its resolution affords him no greater relief. *See* TEX. R. APP. P. 47.1.