**INTERNATIONAL COMMERCIAL BANK OF CHINA, Appellant,**

v.

**HALL–FUSTON CORPORATION and First RepublicBank Lufkin, Appellees.**

No. 09–88–034 CV.

Court of Appeals of Texas, Beaumont.

March 9, 1989.

Rehearing Denied March 30, 1989.

William D. Guidry, Nacogdoches, Ralph D. McBride, Thomas L. Woodman, and Craig M. Kaiser, Houston, for appellant.

Robert T. Cain, Jr., Curtis W. Fenley, Jr., and Stan M. Putman, Jr., Lufkin, for appellees.

## OPINION

BURGESS, Justice.

This case involves a dispute over payment of a draft on a letter of credit. Hall–Fuston Corporation (Hall–Fuston) entered into an agreement with Min–Jye Wood Company, Ltd. (Min–Jye), a Taiwanese corporation, to purchase wood products. To secure payment for the purchases, Hall–Fuston obtained a letter of credit from RepublicBank Lufkin (RepublicBank) for the benefit of Min–Jye. Min–Jye was to present documents required by the letter of credit to its bank, Medium Business Bank of Tiachung District (Medium Bank), for payment. However, since Medium Bank was not licensed by the Taiwanese government to transact international business, it engaged the International Commercial Bank of China (ICBC) to handle the international aspects of the transaction. On June 24, 1986, RepublicBank issued a letter of credit designating ICBC as the advising bank.

In December 1986, ICBC purchased a draft on the letter of credit in the amount of $161,296.50 from Medium Bank. ICBC presented the draft with accompanying documents to RepublicBank for payment. RepublicBank notified Hall–Fuston of the draft. Hall–Fuston, however, responded that it had not purchased goods to support the draft and, upon examination of the accompanying documents, discovered that a purchase order had been forged.

Hall–Fuston successfully petitioned the trial court to temporarily restrain Republic-Bank from paying on the draft and filed suit for damages against ICBC under the Texas Deceptive Trade Practices—Consumer Protection Act (DTPA). The jury found that the purchase order had indeed been forged and that ICBC had taken the draft in good faith and with no notice of a claim or defense against it, but that ICBC had not given value. The jury further found that ICBC was Medium Bank's agent, that Medium Bank was not a holder in due course, and that ICBC had unknowingly committed several violations of the DTPA. The court disregarded the jury's finding that ICBC had acted in good faith in negotiating the draft. It then awarded Hall–Fuston $53,169.09 in damages against ICBC for DTPA violations and permanently enjoined RepublicBank from paying ICBC on the draft. ICBC appeals, bringing eight points of error.

In its first point of error, appellant maintains that the court erroneously excluded certain documents written in Chinese and the testimony of Mr. C.C. Chang, who would have interpreted the documents. Appellant introduced two "certificates of negotiation," which were business records of ICBC written in Chinese, but did not offer a written English translation. Instead, appellant offered to have Mr. Chang, the corporate representative of ICBC, interpret the documents orally under oath after having properly qualified him as an expert. *Cf. TEX.R.CIV.EVID. 604.*[1] The documents were excluded solely because no written translation was provided. Thus, the issue presented is whether a document written in a foreign language is admissible if it is translated orally but not in writing.

We are unable to find a rule of evidence or case law addressing the issue either directly or by analogy. Although a Chinese document alone would completely lack probative value when offered to prove its contents and should be excluded, a Chinese document accompanied by an oral translation does not lack probative value. Admittedly, a written translation would have had greater probative value for the jury because the jury would have had access to a translation during its deliberations. However, the diminished value of the document without a written translation does not render it completely inadmissible. An oral translation would certainly have been adequate to lend meaning to the arabic numbers appearing on the "certificate," which were the relevant notations on the document since it was introduced solely to show appellant paid value for the draft. Appellant's first point of error is, thus, sustained.

Since evidence on whether appellant paid value for the draft might have some bearing on whether appellant took in good faith and without notice, *Kone v. Sec. Fin. Co.*, 158 Tex. 445, 313 S.W.2d 281, 284 (1958), a new trial is ordered on the entire issue of whether appellant is a holder in due course. Points of error two and three and Hall–Fuston's first cross-point of error are, thus, overruled as moot.

We do not reach points of error four through ten and Hall–Fuston's second cross-point since they deal with appellee's recovery under the DTPA and their resolution is dependent as a matter of law upon whether appellant is a holder in due course.

In addition, pursuant to RepublicBank's request, that portion of the trial court's judgment finding that RepublicBank did not wrongfully dishonor the draft and awarding RepublicBank attorney's fees against Hall–Fuston is severed and affirmed. *TEX.R.APP.P. 81(b)(1); Hall v. Brown*, 398 S.W.2d 404 (Tex.Civ.App.—Waco 1966, no writ).

The judgment of the court below is reversed and the case remanded for a new trial on the issue of whether appellant is a holder in due course and on appellee Hall–Fuston's DTPA claim.

AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.

BROOKSHIRE, Justice, concurring.

The bottom line result reached by the Court is, in my opinion, certainly correct. Mr. C.C. Chang should have been allowed to interpret or translate the documents in question orally, pursuant to *TEX.R.CIV. EVID. 604.* Mr. Chang, of course, would have to make an oath or affirmation that he would make a true translation. The documents should not have been excluded merely because there was no written translation provided. The majority's statement that a written translation would have greater probative value in the eyes and minds of the jury, because of the fact that the jury would have access to the written translation during its deliberation, is subject to question.

Ordinarily, the written record of a plaintiff's oral testimony is not permitted into the jury deliberation room because it is thought that such written translation of

---

**1.** The trial court overruled additional objections on hearsay grounds and on grounds that the document was the subject of a motion for production with which appellant had not complied. Appellees did not object on *TEX.R.CIV.P. 166b (6)(b)* grounds. *Cf. also TEX.R.CIV.EVID. 604.*

the oral testimony would over emphasize that one phase of the evidence before the jury. The properly admitted exhibits, in a civil case, may go to the jury deliberation room especially if the jury, after retiring, requests the same. The oral translation, and its interpretation, should have been allowed before the jury.

I would refer the able trial judge to 2 R. RAY, TEXAS LAW OF EVIDENCE CIVIL AND CRIMINAL, Sec. 1681 (Texas Practice 3rd ed. 1980), as to the rules that are applicable to aid in the interpretation of certain written instruments; also, 2 R. RAY, TEXAS LAW OF EVIDENCE CIVIL AND CRIMINAL, Sec. 1468 (Tex.Practice 3rd ed. 1980), will be helpful concerning taking exhibits to the jury room but disallowing the depositions of witnesses to be taken to the jury deliberation room.