

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-14-00556-CV

**IN THE INTEREST OF C.L.W.**, S.S.W., and L.M.W., Children

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-15199
Honorable Richard Price, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice
Dissenting Opinion by:  Patricia O. Alvarez, Justice

Sitting:        Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  December 9, 2015

AFFIRMED IN PART; REVERSED AND REMANDED IN PART

Steven W. has filed a restricted appeal to set aside a default judgment against him. Steven

argues the affidavit upon which the trial court ordered alternative service[1] was insufficient and

there was insufficient evidence supporting the trial court's award of attorney's fees and costs. We

affirm in part and reverse and remand in part.

### BACKGROUND

Steven and Andra W. were divorced in 2011. On June 28, 2012, Andra filed a Petition to

Modify the Parent-Child Relationship to deny Steven possession of and access to their three

children, C.L.W., S.S.W., and L.M.W. Andra alleged that while the children were in Steven's

---

[1] The Honorable Antonia Arteaga signed the order granting Andra's motion for alternative service.

possession, his girlfriend subjected the children to physical and verbal abuse. Andra also requested her attorney's fees and costs.

Andra attempted to effectuate personal service upon Steven by a process server at a residential address on W. Woodlawn Avenue in San Antonio, Texas. The process server made three unsuccessful attempts to serve Steven in person at that address. Andra filed a motion for alternative service and attached the process server's affidavit describing the failed attempts to personally serve Steven. The trial court granted Andra's motion for alternative service. Andra's process server thereafter effectuated service by affixing the relevant papers to the door of the same house on W. Woodlawn Avenue. Steven did not file an answer. The trial court held a hearing on Andra's petition, and Steven did not appear. The trial court granted Andra a default judgment and awarded her $3,500 in attorney's fees and $207 in costs. Steven then filed a notice of restricted appeal.

### STANDARD OF REVIEW OF A RESTRICTED APPEAL

An appellant bringing a restricted appeal can prevail only if: (1) he filed notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009) (per curiam); *accord Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004) (citing TEX. R. APP. P. 26.1(c), 30). "The face of the record is limited to documents that were before the court at the time a challenged order was signed." *In re Guardianship of V.A.*, 390 S.W.3d 414, 416 (Tex. App.—San Antonio 2012, pet. denied). The only restricted-appeal requirement at issue here is whether error is apparent on the face of the record.

## MOTION FOR ALTERNATIVE SERVICE

In his first issue, Steven argues the trial court erred by granting Andra's motion for alternative service because the supporting affidavit was insufficient. In support of her motion, Andra attached an affidavit from Monica G. Gamez. In her affidavit, Gamez testified she attempted to serve Steven personally three times between June 30, 2012, and July 5, 2012, at an address on Woodlawn Avenue in San Antonio. The affidavit described the results of her three attempts:

a. Date:      June 30, 2012
   Time:      9:00 a.m.
   Address:   [   ] W. Woodlawn, San Antonio, Texas
   Method:    Personally
   Result:    No service-No answer at the door.  Respondent's green pickup truck was parked in the driveway of the residence.  I did notice someone inside the home looking through the blinds.

b. Date:      July 2, 2012
   Time:      8:35 p.m.
   Address:   [   ] W. Woodlawn, San Antonio, Texas
   Method:    Personally
   Result:    No service-A young lady who stated her name was Stephanie said [Steven] was not home.  Stephanie was curious as to why Steven was being served "again" as he had just been served Friday by a Mr. Moore.  I informed her I knew nothing about it and gave her my business card to give to [Steven] to make arrangements to meet for delivery of documents.  Stephanie stated she would give [Steven] message.  I noticed that [Steven]'s pickup truck was parked in the driveway of the residence.

c. Date:      July 5, 2012
   Time:      11:30 a.m.
   Address:   [   ] W. Woodlawn, San Antonio, Texas
   Method:    Personally
   Result:    No service-No answer at the door.

In a restricted appeal, defective service of process constitutes error apparent on the face of the record. *See Primate Constr. Inc. v. Silver*, 884 S.W.2d 151, 152-53 (Tex. 1994). For a default judgment to be sustained based on substituted service, the burden is on the plaintiff to prove that

the defendant was served in the manner required by the applicable statute. *Dolly v. Aethos Commc'ns Sys., Inc.*, 10 S.W.3d 384, 388 (Tex. App.—Dallas 2000, no pet.). Service of process must be performed in strict compliance with the appropriate statutory provisions to support a default judgment. *See McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex. 1965). "Virtually any deviation will be sufficient to set aside a default judgment in a restricted appeal." *Dolly*, 10 S.W.3d at 388. Strict compliance is especially important when substituted service under Texas Rule of Civil Procedure 106 is involved. *Id.* We review the order on motion for alternative service and the return of service to determine whether the requirements in the order were strictly followed. *See id.* Rule 106 provides as follows:

> (a) Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by Rule 103 by
>
>> (1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or
>>
>> (2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.
>
> (b) Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service
>
>> (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or
>>
>> (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106(b).

Steven argues, and the dissent agrees, the supporting affidavit is insufficient because the Woodlawn address was not the home address listed as his in the divorce decree. Rule 106 does not

require that a defendant be served at his home address if service is attempted at his "usual place of business . . . or other place where the defendant can probably be found." *See* TEX. R. CIV. P. 106(b).

Steven also argues, and the dissent suggests, Gamez's affidavit is insufficient because it fails to expressly state the Woodlawn address is his "usual place of business or usual place of abode or other place where [he] can probably be found." However, "the plain language of the rule does not require the affiant to state that the address is the defendant's usual place of abode or business or a place where the defendant can probably be found." *Goshorn v. Brown*, No. 14-02-00852-CV, 2003 WL 22176976, at *2 (Tex. App.—Houston [14th Dist.] Sept. 23, 2003, no pet.) (mem. op.). An affidavit is sufficient under Rule 106 if it provides "evidence of probative value that the location stated in the affidavit is the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found." *Garrels v. Wales Transp., Inc.*, 706 S.W.2d 757, 759 (Tex. App.—Dallas 1986, no writ); *accord Goshorn*, 2003 WL 22176976, at *2 (holding facts detailed in affidavit supported that the location stated was defendant's usual place of abode or other place where defendant could likely be found); *see also See Luby v. Wood*, No. 03-12-00179-CV, 2014 WL 1365736, at *3 (Tex. App.—Austin Apr. 2, 2014, no pet.) (mem. op.) ("[A] plaintiff is not required to include the actual language from the rules.").

Steven further argues Gamez's affidavit gives no "details as to why or how [service at] the Woodlawn address would reasonably notify Steven of the lawsuit [and] the affidavit is conclusory and insufficient to support substituted service." We disagree. Gamez's affidavit states that on two separate occasions Steven's truck was parked in the driveway at the Woodlawn address. It also states that Stephanie, the young woman who answered the door, informed Gamez that Steven "was not home," indicated she knew Steven had been recently served with process, and stated she would give Steven the message. Gamez's affidavit is not conclusory because the affidavit does not conclusorily assert, without any supporting facts, that "Service at the Woodlawn address would be

reasonably effective to provide Steven with notice of the suit." If Steven is correct that the purpose of the supporting affidavit is to assure the trial court that alternative service would be reasonably effective to provide notice, then the facts in Gamez's affidavit would serve that purpose much more effectively than a mere conclusory statement such as, "The Woodlawn address is a place where Steven can probably be found." *See Goshorn*, 2003 WL 22176976, at *2 (noting "a higher degree of precision in an affidavit is preferable" but not required for an affidavit under Rule 106(b)).

Although Steven does not argue why the facts in Gamez's affidavit were insufficient, the dissent would hold the affidavit was conclusory because Gamez, without any further details, stated the truck was "Respondent's green pickup truck." Nothing in the record contradicts Gamez's statement or provides a basis for us to conclude the trial court erred by accepting this statement as true. Instead, the record confirms the trial court awarded Steven a pickup truck in the final decree of divorce. While the dissent would require Gamez's affidavit to contain additional details[2] explaining the supporting facts included in the affidavit, neither the plain language of Rule 106(b) nor the cases interpreting Rule 106(b) hold supporting affidavits to that standard. *See id.* We hold Gamez's affidavit provided evidence of probative value that the Woodlawn address was Steven's "usual place of abode or other place where [he could] probably be found." *See* TEX. R. CIV. P. 106(b); *Goshorn*, 2003 WL 22176976, at *2. Therefore, the trial court did not err by ordering substituted service.

---

[2] The dissent suggests further details such as a vehicle identification number (VIN) or a license plate would have been sufficient. But such details would nevertheless beg the same question the dissent asks with regard to Gamez's statement that Steven's truck was at the Woodlawn address, "How does Gamez know Steven owned a vehicle with the VIN or license plate number provided in the affidavit?"

## ATTORNEY'S FEES & COSTS

In his second issue, Steven argues the evidence is insufficient to support the award of Andra's attorney's fees and costs. If damages are unliquidated, a court rendering a default judgment must hear evidence on damages. TEX. R. CIV. P. 243; *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992). Attorney's fees "are by their very nature unliquidated unless the exact amount is fixed by agreement." *Siddiqui v. West Bellfort Prop. Owners Ass'n*, 819 S.W.2d 657, 659 (Tex. App.—El Paso 1991, no writ). Andra argues the trial court could have inferred from its review of the documents and the number of hearings that $3,500 would have been a reasonable fee. However, at the hearing on Andra's petition, Andra's counsel simply requested $3,500 in attorney's fees without presenting any evidence. Because the trial court heard no evidence on Andra's attorney's fees, we reverse the attorney's fees award and remand for a new hearing. *See Holt Atherton*, 835 S.W.2d at 86 ("[W]hen an appellate court sustains a no evidence point after an *uncontested* hearing on unliquidated damages following a no-answer default judgment, the appropriate disposition is a remand for a new trial on the issue of unliquidated damages.").

The trial court awarded Andra $207 in costs. "The successful party to a suit shall recover of his adversary all costs incurred therein, except where otherwise provided." TEX. R. CIV. P. 131. To determine the proper amount of costs to be awarded to the prevailing party, the court relies on the clerk's bill of costs. *Bertrand v. Bertrand*, 449 S.W.3d 856, 870 (Tex. App.—Dallas 2014, no pet.). The clerk's bill of costs shows court costs exceeded $500. Therefore, the record supports the trial court's award of $207 in costs. *See id.*

## CONCLUSION

We reverse the trial court's award of attorney's fees and remand for a new hearing on Andra's attorney's fees. We affirm the remainder of the trial court's judgment.

Luz Elena D. Chapa, Justice