

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00108-CV

## IN THE MATTER OF THE MARRIAGE OF
## ANGELINA SANDOVAL AND ANGEL SANDOVAL
## AND IN THE INTEREST OF A.M.S., A CHILD

### From the 378th District Court
### Ellis County, Texas
### Trial Court No. 93422D

## OPINION

In four issues, Appellant Angel Sandoval challenges the trial court's denial of his motion for new trial. Angel argues that: (1) the trial court erred when it refused to consider the affidavits submitted in support of his motion for new trial; (2) the trial court erred in failing to find that lack of compliance with the Hague Convention deprived it of personal jurisdiction over Angel; (3) the trial court erred in determining that the Rule 106 affidavit demonstrated that substitute service was justified; and (4) the trial court erred in not granting Angel's motion for new trial under the principles of *Craddock v. Sunshine Buslines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (Tex. 1939). We will affirm.

## I. Background

Angel and Angelina Sandoval were married on or about May 30, 2009 and ceased to live together as a married couple in December 2015. The couple have one child. Angelina filed for divorce and moved for alternative service on Angel on the ground that personal service had been attempted but was unsuccessful. Angelina requested that Angel be served through service on Angel's mother,[1] or by serving anyone over sixteen years of age at the mother's address. After a hearing, the trial court granted Angelina's motion. The trial court's order authorized service on Angel by delivery of citation to Angel's mother. The process server's return reflects that a copy of the petition for divorce was left with Angel's mother at her residence on October 6, 2016. Angel never filed an answer.

The trial court held a prove-up hearing on December 13, 2016 and signed a final decree of divorce on January 6, 2017. As part of the decree, Angelina was named sole managing conservator of the couple's child, and she was awarded, as her sole and separate property, the residence where Angel's mother resides in Fort Worth and all of the contents found inside. Angel filed a motion for new trial on January 30, 2017. Angel, who allegedly resides in Mexico, asserted that the trial court never acquired personal jurisdiction over him because service did not comport with the Hague Convention and because the Rule 106 affidavit in support of substitute service was deficient. Angel

---

[1] Angel's mother is identified by different names in the process server's affidavit and in the unsworn declaration attached to Angel's motion for new trial. Both documents include the same home address.

additionally argued that all of the elements required under *Craddock* were present. Angelina did not file a response to the Motion for New Trial.

After a hearing, the trial court denied Angel's motion for new trial. No written findings of fact and conclusions of law were filed or requested. The only witness at the hearing was Angel's sister, although the court noted on the record that Angelina was in attendance at the hearing, in person and through her attorney.

## II. *Admissibility of Affidavits*

Attached as exhibits to Angel's motion for new trial are unsworn declarations from Angel's sister and mother and what he purports is his own affidavit. At the hearing on Angel's motion, Angelina's attorney objected to all three documents on the ground of hearsay, which the trial court sustained. Angel argues in his first issue that the trial court should have considered the documents as conclusive because Angelina did not file a response to the motion for new trial or present any controverting affidavits.

A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion. *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005). A trial court abuses its discretion by acting "without reference to any guiding rules and principles." *Starwood Mgmt., LLC v. Swaim*, 530 S.W.3d 673, 678 (Tex. 2017) (quoting *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)). "Its judgment should be reversed only if the ruling was arbitrary or unreasonable." *Horizon Health Corp. v. Acadia Healthcare Co., Inc.*, 520 S.W.3d 848, 884 (Tex. 2017). An appellate court must uphold a trial court's evidentiary ruling as long as there is any legitimate basis for doing so. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998); *Tuttle v. Builes*, 572 S.W.3d 344, 356 (Tex. App.—

Eastland 2019, no pet.). When, as here, the trial court does not issue findings of fact and conclusions of law, the appellate court implies all findings necessary to support the judgment. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002); *Fenlon v. Harris Cty.*, 569 S.W.3d 783, 791 (Tex. App.—Houston [1st Dist.] 2018, no pet.). In cases in which the appellate record includes a reporter's record, the trial court's implied fact findings are not conclusive and may be challenged for legal and factual sufficiency of the evidence supporting them. *Gainous v. Gainous*, 219 S.W.3d 97, 103 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) (op. on reh'g).

Angel cites to *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 82 (Tex. 1992) in support of his argument. *Holt* notes that the trial court should look to the knowledge and acts of the defendant contained in the record in applying the *Craddock* test—"Where factual allegations in a movant's affidavits are uncontroverted, it is sufficient that the motion for new trial and accompanying affidavits set forth facts which, if true, would satisfy the *Craddock* test." *Id*. However, the trial court retains the discretion to exclude objectionable evidence even if uncontroverted, including affidavits that contain conclusory or hearsay statements. *Id.* (affidavits that contain "conclusory allegations are insufficient"); *see also Polignone v. Bulldog Chemicals, LLC*, No. 01-16-00633-CV, 2018 WL 4128002, at *6 (Tex. App.—Houston [1st Dist.] Aug. 30, 2018, no pet.) (mem. op.) (conclusory statements in affidavit insufficient to satisfy requirements of *Craddock*); *Total Corrosion Management, LLC v. ANZ*, No. 14-16-00998-CV, 2017 WL 3662444, at *3 (Tex. App.—Houston [14th Dist.] Aug. 24, 2017, no pet.) (mem. op.) (trial court could have found affidavit inadmissible hearsay and/or speculative, which would leave no

evidence); *Walker v. Texas Dep't of Family and Protective Services*, 312 S.W.3d 608, 624 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (trial court not required to accept as true statements in affidavit regarding ineffective assistance of counsel even if not contradicted); *Cont'l Cas. Co. v. Davilla*, 139 S.W.3d 374, 382 (Tex. App.—Fort Worth 2004, pet. denied) (conclusory allegations in affidavit insufficient to negate intent or conscious indifference).

Assuming without deciding that Angel's affidavit was not hearsay, the trial court could have excluded it on other grounds. Section 312.011(1) of the Government Code defines an affidavit as "a statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office." TEX. GOV. CODE ANN. § 312.011(1). When a written statement does not meet this basic definition, it is "not an affidavit at all." *Mansions in the Forest, L.P. v. Montgomery Cty.*, 365 S.W.3d 314, 316 (Tex. 2012) (quoting *Hardy v. Beaty*, 84 Tex. 562, 19 S.W. 778, 779 (1892)). Angel did not establish that his affidavit was "sworn to before an officer authorized to administer oaths." Angel provided no translation for the presumed certification from the officer administering the oath that appears to be in Spanish. *See* TEX. R. EVID. 1001, *et seq.*; *see also Int'l Commercial Bank of China v. Hall-Fuston Corp.*, 767 S.W.2d 259, 261 (Tex. App.—Beaumont 1989, no writ) (for foreign language document to be probative, the proponent must present a translation either in writing or orally); *Alaniz v. State*, No. 13-13-00657-CR, 2015 WL 5895085, at *5 (Tex. App.—Corpus Christi Oct. 8, 2015, no pet.) (mem. op., not designated for publication) (foreign language documents admissible with written or oral translation).

Angel's "affidavit" also does not meet the requirements for an unsworn declaration under § 132.001 of the Civil Practice and Remedies Code because it includes no declaration that the information contained therein is based upon Angel's personal knowledge or that it was made subject to perjury. TEX. CIV. PRAC. & REM. CODE ANN. § 132.001.

The unsworn declarations from Angel's sister and mother, in addition to constituting hearsay, were also based upon conclusory allegations regarding Angelina's knowledge of Angel's residence in Mexico. A statement in an affidavit is "conclusory" if it provides a conclusion but no underlying facts in support of the conclusion. *Brown v. Brown*, 145 S.W.3d 745, 751 (Tex. App.—Dallas 2004, pet. denied).

The trial court did not abuse its discretion in sustaining the objection to Angel's "affidavit" and the unsworn declarations of his sister and mother. We overrule Angel's first issue.

### III.  *Compliance with Hague Convention*

In his second issue, Angel argues that Angelina was required to serve the divorce papers upon him in compliance with the Hague Convention because he is a resident of Mexico.

Absent proper service of process, a trial court does not have personal jurisdiction to render a default judgment against a non-answering defendant. *In re E.R.*, 385 S.W.3d 552, 563 (Tex. 2012). When, as in this case, a defendant has not filed an answer, a trial court acquires jurisdiction over that defendant solely on proof of proper service. TEX. R. CIV. P. 107(h) (prohibiting default judgment unless proof of proper service and return

have been on file for ten days).  Service of process upon an individual located in Mexico is governed by the provisions of the Hague Service Convention, an international treaty. *See Velasco v. Ayala*, 312 S.W.3d 783, 792 (Tex. App.—Houston [1st Dist.] 2009, no pet.); *see also* Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965 (Hague Service Convention), 20 U.S.T. 361, T.I.A.S. No. 6638.  However, the Hague Convention does not apply if a party's whereabouts are unknown.  Hague Service Convention, art. 1; *Velasco*, 312 S.W.3d at 799. If a defendant's whereabouts are unknown, then service by publication or another approved alternative may be appropriate.  TEX. R. CIV. P. 109, 109a.

With Angel's affidavit and the unsworn declarations of his sister and mother excluded, the only evidence before the trial court regarding Angel's residence was the testimony of Angel's sister at the hearing on Angel's motion for new trial.  Angel's sister testified without objection to the following:  Angel has resided at the same address in Mexico for the past five years, and Angel was not aware of the divorce petition until told about it by his family.  There was no testimony, however, that Angelina knew Angel's address in Mexico.

Rule 109 governs service when the residence of a party is unknown.  It is the duty of the court trying the case to inquire into the sufficiency of the diligence exercised in attempting to obtain service on a nonresident before it grants any judgment on the service. *In re Peace*, 631 S.W.2d 790, 792 (Tex. App.—Amarillo 1982, no writ).  Although the trial court held a hearing on Angelina's motion for alternative service, the court reporter's record from that hearing is not included in the appellate record.  Nor is there

any indication in the record that findings of fact and conclusions of law were requested or filed on this issue.

A trial court's ruling on whether jurisdiction exists is viewed in a bifurcated manner–factual findings are viewed for legal and factual sufficiency while legal conclusions are reviewed *de novo*. *BMC Software Belg., N.V.*, 83 S.W.3d at 793-94. When there is neither a reporter's record nor findings of fact, all facts that are necessary to support the trial court's ruling and that are supported by the evidence are implied. *Id*. at 795; *see also Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 251 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). There is sufficient evidence in the record to support the trial court's implied factual findings that Angelina did not know Angel's whereabouts and that Angelina exercised diligence in attempting to locate Angel's address in Mexico. The implied facts are sufficient to support the resulting legal conclusion that service under the Hague Service Convention was not required. The trial court did not, therefore, abuse its discretion in granting Angelina's motion for alternative service. We overrule Angel's second issue.

### IV. *Substitute Service*

Angel argues that the Rule 106 affidavit attached to Angelina's motion for alternative service was deficient because it failed to state with specificity Angel's usual place of abode or work.

The trial court's order granting Angelina's motion for alternative service authorizes service of citation by publication on Angel and that an additional method of

service would be as likely as publication to give Angel notice. The trial court then ordered that service on Angel be effected by delivery of citation to Angel's mother.

Rule 106(a) authorizes service by delivering the citation, with a copy of the petition, to the respondent in person or by registered or certified mail, return receipt requested. TEX. R. CIV. P. 106(a). If service under these methods fails, the trial court, upon motion supported by affidavit, may authorize service:

> (1)  by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in the affidavit; or
>
> (2)  in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106(b). The supporting affidavit must include:  (1) "the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found;" and (2) specific facts showing that service was attempted "at the location named in such affidavit but has not been successful." *Id*.

"Texas law prefers personal service over substitute service." *Vespa v. Nat'l Health Ins. Co.*, 98 S.W.3d 749, 751 (Tex. App.—Fort Worth 2003, no pet.); *see also Mylonas v. Texas Commerce Bank-Westwood*, 678 S.W.2d 519, 522 (Tex. App.—Houston [14th Dist.] 1984, no writ) (substitute service is "not the preferred method"). A plaintiff may resort to substitute service only upon failure of those methods which provide proof of actual notice. *In re Guardianship of Bays*, 355 S.W.3d 715, 718 (Tex. App.—Fort Worth 2011, no pet.) (citing *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 298-99 (Tex. 1993)).

If the trial court authorizes substitute service under Rule 106, whether the

defendant receives actual notice is of no legal consequence. *Mixon v. Nelson*, No. 03-15-00287-CV, 2016 WL 4429936, at *3 (Tex. App.—Austin Aug. 19, 2016, no pet.) (mem. op.). Requiring proof of actual notice when substitute service has been authorized "would frustrate Rule 106(b)'s purpose of providing alternate methods. . . ." *Costley*, 868 S.W.2d at 298-99; *see also Perez v. Old W. Capital Co.*, 411 S.W.3d 66, 71-72 (Tex. App.—El Paso 2013, no pet.) (citing *Costley* and observing that actual notice is unnecessary and contrary to rationale of Rule 106(b)). A process server's affidavit is sufficient proof that substitute service was completed in accordance with the trial court's order. *Sanchez v. R.S. Concrete, L.L.C.*, No. 01-17-00191-CV, 2018 WL 1056484, at *6 (Tex. App.—Houston [1st Dist.] Feb. 27, 2018, no pet.) (mem. op.); *see also Williams v. Asset Acceptance LLC*, No. 03-11-00520-CV, 2012 WL 2989219, at *4 (Tex. App.—Austin July 20, 2012, no pet.) (mem. op.).

"An affidavit is sufficient under Rule 106 if it provides 'evidence of probative value that the location stated in the affidavit is the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found.'" *In re C.L.W.*, 485 S.W.3d 537, 541 (Tex. App.—San Antonio 2015, no pet.) (quoting *Garrels v. Wales Transp., Inc.*, 706 S.W.2d 757, 759 (Tex. App.—Dallas 1986, no writ)). A plaintiff is not required to recite the actual language from the rules in the affidavit. *Id.* Additionally, Rule 106 does not require that a defendant be served at his home address if service is attempted at his "usual place of business . . . or other place where the defendant can probably be found." *Id.* at 542.

The affidavit from the process server Garza that was attached to Angelina's motion notes:

On June 9, 2016, I was assigned to serve ANGEL SANDOVAL an Original Petition for Divorce. I have made attempts to obtain personal service of process on the dates and times listed below.

DATE                    TIME                    Address

06/12/2016              APPROX 10:55 AM

On the above date and time [Angel's mother], the known mother of Angel Sandoval was contacted by phone at [telephone number] . . . [Angel's mother] stated that her son Angel Sandoval was in Mexico and she did not know if and when he would be returning to the U.S. [Angel's mother] stated she lives at [street address] Ft. Worth [zip code] and advised she would accept service for her son Angel Sandoval.

06/13/2016              APPROX 11:40 AM

*I arrived at [street address] Ft. Worth, TX [zip code] the last known address for Angel Sandoval. I spoke to . . ., the brother of Angel Sandoval who informed me that Angel did live at the residence but was currently in Mexico and he did not know when he would be returning. I asked [Angel's brother] if he would call his brother Angel. I spoke with Angel Sandoval and informed him of my credentials and the nature of my visit. Angel informed me that he did not know when he would be returning to the U.S. and stated that I could leave the citation at the house. Angel Sandoval can be reached at [telephone number] Mexico.*

06/13/2016              APPROX 12:01 PM

Spoke with Angelina Sandoval, the wife of Angel Sandoval, she also was aware that Angel was in Mexico and like his family members did not know his return date.

I believe the address listed to be the usual place of adobe [sic] where the Respondent resides. I believe the Respondent will be given reasonably effective notice of this suit by delivering a true copy of the: Citation to anyone over 16 years of age OR by attaching securely to the front door at [street address], Ft. Worth, TX [zip code] AND pursuant to the provisions of Rule 106, Texas Rules of Civil Procedure.

[Emphasis added.]

The record before us reflects that the only evidence before the trial court when evaluating whether substituted service was appropriate was Garza's affidavit. Nothing in the affidavit reflects the reason or the amount of time that Angel had been in Mexico. While Angel's mother said she was not sure "when or if" Angel would return, Angel's brother told Garza that Angel did live at the Fort Worth residence even though Angel was currently in Mexico. There was no indication from Angel's brother that Angel would not return to the Fort Worth house. Finally, Garza spoke directly with Angel who told Garza to leave the citation at the Fort Worth house. There was no indication from Angel that he would not be returning to the Fort Worth house.

Garza's affidavit provided probative evidence that the Fort Worth address was Angel's "usual place of abode or other place where [he could] probably be found." *In re C.L.W.*, 485 S.W.3d at 542 (quoting Rule 106(b)). The trial court did not abuse its discretion in failing to find the Rule 106 affidavit deficient. We overrule Angel's third issue.

### V. Motion for New Trial

We review a ruling on a motion to set aside a default judgment and grant a new trial under an abuse-of-discretion standard. *Dolgencorp of Texas, Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009). In order to set aside a default judgment, a defendant must show: (1) the failure of the defendant to answer was not intentional or the result of conscious indifference on his part, but was due to accident or mistake; (2) the motion for new trial sets up a meritorious defense; and (3) granting a new trial will occasion no undue delay or otherwise injure the party taking the default judgment. *Craddock*, 133 S.W.2d at 126.

The defaulting party has the burden of proving that all three elements of the *Craddock* test are met before a trial court is required to grant a motion for new trial. *Freeman v. Pevehouse*, 79 S.W.3d 637, 641 (Tex. App—Waco 2002, no pet.). Because we find the first element lacking, we will not address the other two.

The critical question under *Craddock's* first element is: "Why did the defendant not appear?" *Sutherland v. Spencer*, 376 S.W.3d 752, 755 (Tex. 2012). When evaluating whether a defendant's failure to answer was due to conscious indifference, the defendant must establish that the reason for not appearing was due to a mistake or an accident. *Levine v. Shackelford, Melton & McKinney, L.L.P.*, 248 S.W.3d 166, 168 (Tex. 2008). This is not a negligence standard—the defendant must have known that he was sued but did not care. *Id.* To be entitled to a new trial, the defendant must provide *some* excuse, not necessarily a good one, but something that shows that his failure to file an answer was not because he did not care. *Sutherland*, 376 S.W.3d at 755; *see also Padrino Mar., Inc. v. Rizo*, 130 S.W.3d 243, 248 (Tex. App.—Corpus Christi 2004, no pet). With his affidavit excluded, Angel presents no excuse for failing to file an answer.

Even if the trial court had not sustained the objection to Angel's "affidavit," the excuse he offers is the epitome of conscious indifference—although Angel knew that Angelina was suing him for divorce, he intentionally chose not to contest the suit until he discovered, after the fact, that the house in which his mother lived was awarded to Angelina as her separate property. The trial court did not, therefore, abuse its discretion in denying Angel's motion for new trial. We overrule Angel's fourth issue.

## VI. Conclusion

Having overruled all of Appellant's issues, we affirm the judgment of the trial court.

REX D. DAVIS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill *
      (Chief Justice Gray dissenting with opinion)
      (Justice Neill concurring with a note) *
Affirmed
Opinion delivered and filed August 14, 2019
[CV06]

* (Justice Neill respectfully provides the following concurring note:

The Texas Family Code Section 6.408 allows citation on the filing of an original petition in a suit for dissolution of marriage to be served as in any other civil cases. TEX. FAM. CODE ANN. § 6.408 (West 2006). Texas Family Code Section 6.409 requires an attorney ad litem be appointed for a respondent served by publication under said section unless the petitioner or petitioner's attorney makes an oath that that there are no minor children and that no appreciable amount of property was accumulated by the spouses during the marriage. TEX. FAM. CODE ANN. § 6.409 (West 2006). Respondent in this case was served under Rule 106(b) of the Texas Rules of Civil Procedure by leaving the citation with someone at a location where the respondent can probably be found. TEX. R. CIV. P. 106(b). In such a case, there is no requirement that an attorney ad litem be appointed for the respondent, despite the fact that there was a minor child of the marriage as well as an appreciable amount of property accumulated during the marriage. There should be such a requirement. The better practice would be to make such appointment, even though there currently is no requirement to do so. Respondent has just as great, or little, a chance of receiving notice of this petition whether he is served under Section 6.409 of the Texas Family Code or under Rule 106(b) of the Texas Rules of Civil Procedure.

With this note, I join with the opinion of the Court.)

