

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00070-CV

**IN THE MATTER OF THE MARRIAGE OF** Dustin **BEALL** and Camron Beall

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 21-0230-CV-A
Honorable Jessica Crawford, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:          Patricia O. Alvarez, Justice
                 Luz Elena D. Chapa, Justice
                 Lori I. Valenzuela, Justice

Delivered and Filed: May 17, 2023

VACATED AND REMANDED

Appellant Camron Beall filed a restricted appeal seeking to set aside a default divorce decree dissolving her marriage to appellee Dustin Beall and dividing the marital estate. On appeal, Camron asserts she is entitled to review by restricted appeal because error is apparent on the face of the record. Because we conclude the face of the record establishes defective service, we vacate the default divorce decree and remand the case to the trial court.

## BACKGROUND

In January 2021, Dustin filed an original petition for divorce against Camron and attempted to effectuate personal service upon her by a process server at an address on Guadalupe River Drive in Seguin, Texas. The process server made three unsuccessful attempts to serve Camron at the listed address. Dustin filed a motion for alternative service and attached the process server's

affidavit describing the failed attempts to personally serve Camron. The trial court granted Dustin's motion and authorized service either by delivering a copy of the citation and petition to any person over the age of sixteen at the Guadalupe River Drive address or attaching the citation and petition to the gate or front door of the address. The process server thereafter effectuated service, and the affidavit attached to the return of service indicated service was effectuated "by delivery to Camron Beall as per Motion for Alternative Service under Rule 106 a true copy of this Original Petition for Divorce." Camron did not file an answer. The trial court held a hearing on Dustin's petition, and Camron did not appear. The trial court ultimately granted Dustin a default judgment dissolving the marriage and dividing the marital estate. Camron then filed this restricted appeal, arguing error exists on the face of the record.

## RESTRICTED APPEAL

To prevail on a restricted appeal, the appellant must show: (1) he filed a notice of appeal within six months of the signing of the challenged judgment; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the challenged judgment and did not timely file any post-judgment motions or requests for findings of fact or conclusions of law; and (4) error is apparent on the face of the record. *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009) (per curiam); *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); TEX. R. APP. P. 26.1(c), 30. A restricted appeal affords an appellant a review of the entire case, but unlike a regular appeal, error must appear "on the face of the record." *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam). The face of the record consists of all the papers on file in the appeal. *Id.*; *Chapa v. Chapa*, No. 04-17-00345-CV, 2018 WL 1934240, at *1 (Tex. App.—San Antonio Apr. 25, 2018, no pet.) (mem. op.).

**DISCUSSION**

It is undisputed Camron meets the first three elements to satisfy the requirements of a restricted appeal; the parties only dispute the fourth element—whether error is apparent on the face of the record. According to Camron, error is apparent on the face of the record because service was defective, and the evidence was insufficient to support the division of the marital estate.

### *Service*

We begin with Camron's assertion error is apparent on the face of the record because of defective service. This is because a claim of defective service challenges the trial court's personal jurisdiction over a defendant. *See Spanton v. Bellah*, 612 S.W.3d 314, 316 (Tex. 2020) (per curiam); *Livanos v. Livanos*, 333 S.W.3d 868, 874 (Tex. App.—Houston [1st Dist.] 2010, no pet.). If the attempted service is invalid, then the trial court does not acquire jurisdiction over the defendant and the default judgment is void. *Livanos*, 333 S.W.3d at 874; *see* TEX. R. CIV. P. 124 (prohibiting rendition of default judgment unless there is proof of proper service).

Here, Camron specifically contends service was defective in three ways. First, the trial court erred by granting Dustin's motion for alternative service because the supporting affidavit was insufficient. Camron next contends the trial court's order granting substitute service failed to strictly comply with Texas Rule of Civil Procedure 106 because the order authorized a substitute method of service that was not "reasonably effective" to give her notice of the lawsuit. Finally, Camron asserts the return of service failed to strictly comply with the trial court's order granting substitute service because it does not specify the manner of service or indicate a copy of the citation was served.

### 1. Applicable Law

A no answer default judgment cannot stand when the defendant was not served in "strict compliance" with the Texas Rules of Civil Procedure. *Spanton*, 612 S.W.3d at 316. Failure to

comply strictly with the rules constitutes reversible error on the face of the record. *Lejeune*, 297 S.W.3d at 256; *In re C.L.W.*, 485 S.W.3d 537, 540 (Tex. App.—San Antonio 2015, no pet.) ("[D]efective service of process constitutes error apparent on the face of the record."). There is no presumption in favor of proper issuance, service, and return of citation. *WWLC Inv., L.P. v. Miraki*, 624 S.W.3d 796, 799 (Tex. 2021) (per curiam); *Spanton*, 612 S.W.3d at 316. "Virtually any deviation will be sufficient to set aside a default judgment in a restricted appeal." *Dolly v. Aethos Commc'ns Sys., Inc.*, 10 S.W.3d 384, 388 (Tex. App.—Dallas 2000, no pet.).

Texas Rule of Civil Procedure 106(a) provides the methods of serving a citation. *See* TEX. R. CIV. P. 106(a). It states unless the citation or court order directs otherwise, a citation must be served by delivering a copy of it and the petition to the defendant in person or by registered or certified mail. *Id.* If these attempted methods are unsuccessful, Rule 106(b) allows a trial court to authorize a substitute method of service on a motion with a supporting affidavit. *See id.* R. 106(b). The supporting affidavit must provide "evidence of probative value that the location stated in the affidavit is the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found." *C.L.W.*, 485 S.W.3d at 541 (internal quotation marks omitted). The trial court may then authorize service by leaving a copy of the citation and petition with anyone older than sixteen at a location where the defendant can probably be found, as stated in the affidavit, or in any other manner the affidavit or other evidence shows will be "reasonably effective" to give notice of the suit. *Id.* (quoting TEX. R. CIV. P. 106(b)).

"When a trial court orders substituted service pursuant to rule 106, the only authority for the substituted service is the order itself." *Spanton*, 612 S.W.3d at 318 (internal quotation marks omitted). "Therefore, the requirements set forth in the order must be strictly followed." *Dolly*, 10 S.W.3d at 388. The return of service is prima facie evidence of how service was performed. *See*

*Primate Const., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (explaining return of service is no trivial document, but has long been considered prima facie evidence of facts recited therein).

### 2. Application

Here, the trial court specifically ordered substitute service be effectuated by "delivering a copy of the Citation and Original Petition for Divorce" to any person over the age of sixteen at the Guadalupe River Drive address or "attaching Citation and Original Petition for Divorce to the gate or front door" of the address. The record contains a series of documents filed by the process server, including a copy of the citation, a blank form titled "Return of Service" with a handwritten phrase "AFFIDAVIT ATTACHED" written across it, the process server's affidavit, and a copy of the trial court's order. The only document mentioning the manner of delivery is the affidavit, which indicates service was effectuated "by delivery to Camron Beall as per Motion for Alternative Service under Rule 106a a true copy of this Original Petition for Divorce." This statement fails to specify how service was effectuated in accordance with the trial court's order, i.e., whether a copy of the citation and petition was delivered to a person over the age of sixteen or attached to the gate or front door of the Guadalupe River Drive address.

Dustin, however, contends, without any citation to authority, service was properly effectuated because the return states service was effectuated in accordance with his alternative service motion and the relief requested in the motion is the same relief granted in the trial court's order. This argument ignores the basis of authority for substituted service. "[T]he only authority for the substituted service is the order itself," and the Texas Supreme Court has instructed substituted service must strictly comply with the trial court's order—not a party's motion for alternative service. *Spanton*, 612 S.W.3d at 318; *see Broussard v. Davila*, 352 S.W.2d 753, 754 (Tex. Civ. App.—San Antonio 1961, no writ) ("Except upon the terms and conditions stated by the judge in his order, there is no authority for substitute service.").

Dustin's argument also asks us to infer the process server followed the trial court's instructions based on the affidavit's statement the petition was delivered to Camron "per [the] Motion for Alternative Service under Rule 106." This statement "is a mere legal conclusion that, by itself, does not substantiate proper service." *Dolly*, 10 S.W.3d at 389 (holding general statement without explicit recitations as to how service effectuated fails to show whether service was effectuated in accordance with requirements of trial court's order); *see Pro-Fire & Sprinkler, L.L.C. v. The L. Co., Inc.*, No. 05-19-01480-CV, 2021 WL 10361069, *4–6 (Tex. App.—Dallas Nov. 29, 2021, no pet.) (mem. op.) (holding affidavit's statement service was effectuated "pursuant to the order for substituted service" is mere legal conclusion failing to affirmatively show service was properly effectuated). Specifically, it fails to indicate whether a copy of the citation and petition was delivered to someone over the age of sixteen or posted to the front door or gate of the Guadalupe River Drive address. Regardless how reasonable, we decline any invitation to make any inference of effective service to uphold a no answer default judgment. *See Spanton*, 612 S.W.3d at 318 (disfavoring no answer default judgments and making clear appellate courts may not presume facts to uphold no answer default judgment).

Accordingly, because the return fails to show whether a copy of the citation and petition was delivered to any person over the age of sixteen or attached to the gate or front door of the residential address in accordance with the trial court's order, we conclude service was defective. We therefore hold error exists on the face of the record. *See id.* (holding face of record showed substitute service did not strictly comply with trial court's order permitting such service); *see also Primate*, 884 S.W.2d at 153 (holding error exists on face of record when proper service not affirmatively shown). Considering our holding, we do not need to reach the remaining issue. *See* TEX. R. APP. P. 47.1.

**CONCLUSION**

We vacate the trial court's default divorce decree and remand the case to the trial court. *See Spanton*, 612 S.W.3d at 318 (holding service was defective, vacating trial court's judgment, and remanding case to trial court).

Luz Elena D. Chapa, Justice